(Superior Court of Cincinnati.)

General Term.

HERMANN BROCKMAN et al. v. THE CONSOLIDATED BUILDING & SAVING COMPANY.

---

The right to change the person who is a receiver is a right which rests in the discretion of the court, and the exercise of such right will not be interfered with by a court of review except for an abuse of discretion.

A plaintiff is estopped to urge in a court of review, that the petition did not state facts sufficient for the appointment of a receiver. He can not invite a court into error, and then attack the action taken upon such invitation.

SMITH, J.; Jackson and Wright, JJ., concur.

The plaintiff, together with other stockholders in the defendant corporation, which is a building association, brought an action in the court below to wind up the corporation, and as a necessary step in such procedure, prayed for the appointment of a receiver.

The defendant corporation filed an answer admitting the allegations of the petition, and joining in the prayer for the appointment of a receiver; thereupon the court appointed a receiver. Subsequently other stockholders having been made parties to the action, a motion was filed by them to set aside the appointment of a receiver, upon the grounds that the petition did not state sufficient facts to enable the court to acquire jurisdiction, and the appointment was therefore void.

This motion was granted; and thereupon an amended petition was filed by the same plaintiff, containing many allegations additional to those in the original petition, but asking for the same relief as was asked for in the original petition. Thereupon the court appointed a receiver, but instead of naming as receiver the person who at first had been appointed, named another person. The plaintiffs being dissatisfied with the person appointed receiver upon the second application, prosecuted error to reverse the order of the court in making such appointment.

Two grounds for reversal are alleged:

First. That the original petition stated facts sufficient to authorize the appointment of a receiver, and the action of the court below in setting the appointment aside, was therefore null and void. And therefore, the entry appointing the second receiver was null and void, because there was a receiver already serving by reason of the prior appointment.

Second. That the amended petition did not state facts sufficient to vest the court with jurisdiction to appoint a receiver.

As to the first ground: It is conceded by plaintiff in his argument to maintain his ground, that the original petition did state facts sufficient to authorize the appointment of a receiver. If such is the case, then the action of the court in appointing the second receiver was in substance and effect a mere change in the personnel of the receivership. But the right to change the person who is a receiver. is a right which rests in the discretion of the court, and the exercise of such right will not be interfered with by a court of review, except for an abuse of discretion. It is not claimed here, that the person last appointed receiver is not a suitable person, and therefore there is no ground for the claim that the appointment should be set aside upon the first ground relied upon by plaintiff in error.

As to the second ground: The argument to maintain the second ground is entirely inconsistent with the argument to maintain the first ground, for the reason that if the amended petition does not state facts sufficient to give a court jurisdiction to appoint a receiver, neither does the original petition, because the amended petition contains all the allegations of the original petition and a great many additional allegations. But if it is conceded for the sake of argument, that neither petition contains facts sufficient to justify the appointment of a receiver, the plaintiff is estopped to urge that ground in this court. He was a plaintiff in both petitions, and in both petitions there was a prayer for the appointment of a receiver; and it was upon this application and prayer, that the appointments were made.

The rule is now well settled, that a party can not invite a court into error and then attack the action of the court in a court of review, because such invitation was accepted.

In Elliott on Appellate Procedure, sec. 630, it is declared that:

"The rule that a party can not successfully assail a decision given upon his express or implied invitation. is really nothing more than an application of the general principle that parties will be held to the theories they present, and upon which they secure action by the court. The foundation principle of the whole doctrine, is the principle of estoppel. In all the various forms in which the rule confining parties to the theories asserted has been applied, there is some element of estoppel. Not, of course, precisely such an element as is present in cases concerning property rights, but very closely resembling it."

And in sec. 626, the same principle is again declared in the statement, that:—

"A party who expressly asks that a designated ruling be made, can not avail himself of that ruling on appeal, although it may be material and may be exhibited by the record. What a party expresslyy asks can not be made available as error without a violation of the plainest principles of law."

The order of the court below will be affirmed.

Gordon & Renner, and Phillip Renner, for plaintiff.

J. C. Healy, and Wilson & Herrlinger, for defendants.