No. 919

EUCLID ROXFORD CO. v. BOLGAR

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6928. Decided March 1, 1926

1002. RECEIVERS—Notice of application for and appointment of need not be given when emergency exists requiring immediate action.

LEVINE, P. J.

Cuyahoga Common Pleas having appointed a receiver on application of Aranka Bolgar, error was prosecuted to the Court of Appeals on the sole ground that no notice had been given to the Euclid Roxford Co. The Court of Appeals held:

1. The general rule is that notice must be given on application for appointment of a receiver.

2. When an emergency exists, requiring immediate action a receiver may be appointed without notice.

3. Every presumption is in favor of the regularity of the order appointing a receiver.

4. In absence of evidence to the contrary, facts necessary to sustain the order will be presumed.

Judgment affirmed.

Attorneys—O. D. Eshelman for Euclid Roxford Co.; White, Hammond, Brewer and Curtiss for Bolgar; all of Cleveland.

---

No. 920

BAYLOR v. WITNER

Ohio Appeals, 9th Dist., Summit Co.

No. 1139. Decided May 10, 1926

448. ELECTIONS—1. A court is warranted in ordering a recount of ballots only when there is a prima facie case of fraud, mistake or error.

2. Even though several votes were illegal, but were less in number than the plurality of the successful candidate, not sufficient to warrant a recount.

PARDEE, P. J.

William C. Baylor and William A. Witner were respectively Republican and Democratic candidates for the office of Mayor in the city of Barberton at elections held Nov. 3, 1925. Subsequently Witner was officially declared elected and that he had received 1574 votes and Baylor 1569 votes.

Baylor filed his notice of appeals in the Summit Common Pleas and upon hearing moved that the ballot boxes be reopened, that the ballots be recounted and to have all errors in counting corrected by the court. The court overruled the motion and dismissed the appeal on the ground that Baylor had not developed a prima facie case of mistake, fraud or error sufficient to warrant the court in ordering a recount.

Error was prosecuted and Baylor contended that the record disclosed a prima facie case of fraud, mistake or error; that statutory provisions in regard to opening of ballot boxes and counting and tallying of votes were violated in every precinct in that poll books and tally sheets were signed by the officers before the polls were closed; that the ballots were assorted then placed in piles containing straight Republican, straight Democratic and mixed ballots; and were counted and tallied contrary to provisions of the election laws. The Court of Appeals held:

1. While the methods used as above set forth are not sanctioned, it is a matter of common knowledge that these methods are universally used; and since the evidence shows that the ballots were honestly called, counted and tallied, the trial court was not justified in ordering a recount.

2. The facts that three illegal votes were cast is not sufficient to warrant a recount, for if these three were cast out, Witner would still have a plurality of two votes.

3. The voting and counting of votes could not be prejudicial to Baylor as they could not change the result of the election for they were not votes which, if improperly counted for one, could be properly counted for the other; and if the method provided in 5082 GC. were proper and had been used, the result would not have been changed.

Judgment affirmed.

Attorneys—Walter R. East for Baylor; C. O. Roetzel and O. D. Everhard for Witner; all of Akron.