CHARLES F JOHNSON, INC, DISSOLUTION OF, In Re
MULBY et v
CHARLES F JOHNSON, INC, et

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2658, 2665 & 2677. Decided Aug 6, 1936

## OPINION

**By HORNBECK, J.**

Appeal on questions of law and fact and appeal on questions of law are prosecuted to certain orders of the Common Pleas Court of date February 28, 1936, March 3, 1936, and March 4, 1936, and a motion to dismiss the appeal on questions of law and fact has been directed to each of the numbered cases.

The briefs, especially the brief of counsel for the appellants, are lengthy and set forth in much detail the history of the case preceding and leading up to the orders of the court to which the reviews are directed. We state only so much of the facts as are necessary to an appreciation of the questions presented.

Charles F. Johnson, Incorporated, an Ohio corporation, on April 21, 1932, in an action under §8623-85 GC instituted by its stockholders and board of directors, averred that the corporation had been dissolved and by virtue of §8623-79 GC sought certain relief. In that action, after notice, the court enjoined creditors of the corporation from instituting suits or taking judgments against the corporation and appointing Wilbur E. Benoy attorney for the company to receive claims of creditors against the corporation, provided a time within which the claim should be presented and ordered that they should be barred if not presented within the time fixed.

On September 24, 1935, certain of the directors of the corporation filed a petition in the U. S. District Court under §77-B of the Federal Bankruptcy Amendment. Thereafter this proceeding was dismissed. On the same date, September 24, 1935, certain shareholders of the corporation filed an intervening petition and application for receiver in the instant cause. On January 14, 1936, the appellants herein filed a cross petition setting up a contract to which they and the corporation were parties and upon which they claim an unpaid balance of $121,579 and aver that the claim had been duly presented to Mr. Benoy and that the individuals who formerly comprised the board of directors of the corporation made

Wilbur E. Benoy, Columbus, and George E. Landis, Columbus, for Robert L. Barton, receiver.

John H. Summers, Columbus, and Claude J. Bartlett, Columbus, on behalf of certain intervening shareholders of Charles F. Johnson, Incorporated.

Fred W. Postle, Columbus, and Carl H. Valentine, Columbus, for appellants.

additional payments under said contract to the extent that the unpaid balance was reduced to the sum of $120,812.64. The appellants plead full performance under the contract and say that their rights as creditors have been jeopardized by the conduct of the former members of the board of directors of the corporation, which conduct under the circumstances constituted a fraud upon the appellants, which fraudulent misconduct the appellants only discovered immediately prior to the filing of their cross petition. The prayer of the cross petition was for an accounting, for the appointment of a receiver, for all further equitable relief and for judgment against all individuals who formerly constituted the board of directors of the corporation in the sum of $120,812.64.

On February 28, 1936 a hearing was had in Common Pleas Court at which were present counsel for the appellants and counsel for the appellees. At this hearing Mr. John H. Summers, of counsel for the intervening shareholders of the corporation, presented by statement the grounds upon which it was urged that the corporation should be placed in receivership. The bill of exceptions begins at the conclusion of the statements of Mr. Summers, no part of which is in the bill. The following appears at page 3, in the 6th line of the bill, in a statement by the court:

"Well, the matter that is before the court for consideration is one for the appointment of a receiver for the C. F. Johnson Company. Now, upon the statement of Mr. Summers alone, I will appoint a receiver if there is no objection, because I think he has made a showing."

Thereupon Mr. Valentine indicated that he would like to call Mr. Benoy. Mr. Benoy was then called and was the only witness offered, although the bill contains full statements of several of counsel, including Mr. Benoy, the officer of the court, appointed to receive claims against the corporation and those of Mr. Valentine, setting forth in detail the claim of the appellants. The hearing was somewhat informal. During the hearing several names were suggested for appointment as receivers and others as attorneys. The court finally appointed Robert L. Barton and Carl H. Valentine as receivers and provided that they should give bond in the sum of $2,500.00 and that upon being qualified should take charge of, administer and distribute, under the orders of the court, all of the assets of the corporation. The appointing

entry made specific findings under the statute upon which the receivership was grounded and named George E. Landis and Wilbur E. Benoy as attorneys for the receivers, and provided for the filing of claims with receivers within ten days from the date of the entry. The appellants noted exceptions to the findings and order of the court. This order appointing the receivers of date February 28, 1936, is the subject of the first appeal in cause number 2658.

Thereafter, on March 3, 1936, certain of counsel for the parties were in court, including counsel for the appellants, who had been named co-receiver for the corporation. It there developed that subsequent to the appointment of the receivers and prior to the qualification by Mr. Barton as receiver by the filing of his bond, the appellants, by Mr. Valentine as their counsel, had duly filed notice of appeal with the clerk of courts. The court, after a short hearing and some discussion with counsel, approved an entry which recited among other things that "it appearing that Mr. Valentine, counsel for the Mulbys, who had heretofore been named receiver of the corporation, having as attorney for the Mulbys given notice of intention to appeal from the order of the court of February 28, 1936, appointing receivers for the corporation and the said C. H. Valentine having declared this day in open court that he would not qualify as one of said receivers by giving the bond required of him by the court," ordered Mr. Valentine removed as one of the receivers and provided that Mr. Barton should be the sole receiver for the corporation. To this action of the court exceptions were duly noted by counsel for the appellants. This is the order of March 3, 1936, to which the appeal in cause No. 2665 is directed.

On March 4, 1936, the receiver made application for instructions, set out the terms of a contract between the corporation and the appellants, the conditions thereof, the amounts to be paid by the corporation to the appellants for the lots by them to be sold to the corporation, the amounts paid by the corporation to the appellants under the contract and stated that the contract "remains executory and your receiver elects to reject and disaffirm said contract, and makes report of said rejection and disaffirmance herewith." Thereafter, on the same date the court issued instructions to the receiver. The entry recites that:

"This cause came on to be heard upon the report and application of Robert Bar-

ton, receiver of Charles F. Johnson, Incorporated. The court having considered the contract referred to in said application and being advised in the premises, does find that the receiver, as representing the interests of creditors and stockholders in said corporation, shall reject and disaffirm the contract referred to in said application, and does approve the action of the receiver in respect thereto, provided, however, that the receiver is instructed to apply to this court for instructions in respect to the allowance or disallowance of any claim growing out of said contract which may be filed by William E. Mulby, Lora M. Mulby, Mary J. Mulby, Walter Mulby, Reva J. Harris and Ross L. Harris, within three days after the filing of any such claim by either of the persons aforesaid."

Exceptions were noted to this order by the appellants. This order of March 4, 1936, instructing the receiver to reject and disaffirm the contract of the appellants with the corporation, is the subject matter of the appeal in cause No. 2677. Counsel for the receiver moved the court for an order dismissing the appeal in each of the numbered causes, for the reason that this court has no jurisdiction to consider the appeal on questions of fact.

These motions must be sustained because of the failure of the appellants to give appeal bonds as provided by █ §12223-6 GC. Failing to observe this statutory requirement it is not necessary to consider any other grounds of the motions. █ The causes then are retained and proceed as appeals on questions of law.

The claimed error in the order No. 2658 appointing a receiver for the corporation is that "it amounts to an abuse of discretion to an extent warranting reversal." This question is argued at length in the briefs. There are many sidelights to the proceedings which have been protracted and somewhat unusual and as to some of which no doubt counsel for appellants feel sorely aggrieved. It is appellants' contention that at the inception of the original action, of date April 19, 1932, they requested the court to name a receiver for the corporation but that instead the court named an attorney of the corporation to receive claims; that the court should at the hearing when the receiver was appointed, have named a master commissioner who could more properly and more satisfactorily than a receiver have determined the questions of contro-

versy affecting the assets of the corporation; that counsel for the corporation named to receive claims, had been remiss in his duty and should have accomplished more than was done in the time between the filing of the original suit and the receivership hearing. None of these matters are controlling upon the question presented to us on review. The sole proposition for consideration is whether or not the court violated its discretionary right in naming Mr. Barton receiver for the corporation.

On the record Mr. Barton is a qualified individual without any relation to the corporation or the creditors, which would disqualify him under the statute or which would embarrass him in the performance of his duties. The receiver is not named under the general statute or under the usages of equity but under a specific statute, namely, §8623-85 GC, which, after providing certain preliminary requisites, all of which are duly found in the appointing entry, provides that:

"The court * * * may at any time and from time to time, order and adjudge in respect to the following matters: 8. The appointment of a receiver to wind up the affairs and the business of the corporation or to take custody of any property, or for any other purpose."

The court found and could properly have so determined from the statements of counsel and from the evidence of Mr. Benoy that there were sufficient reasons for the appointment of a general receiver of the assets of the corporation.

"Every presumption is in favor of the regularity of the order appointing a receiver." **Euclid Roxford Co. v Bolger, 4 Abs 733.**

The authority of Mr. Benoy, under his appointment in 1932, to receive claims is not sufficient to accomplish a winding up of the affairs of the corporation. This can only be done by the court directly or by an arm of the court under direction. A receiver is peculiarly and appropriately qualified to settle and determine, through orders of the court, all questions of controversy between creditors of the corporation. It appears from Mr. Benoy's testimony that the corporation is insolvent; there are some assets, contracts receivable and second mortgages and certain lots—and claims against the corporation aggregating more than $250,000, that of the appellants in

the sum of more than $120,000 and that of Charles F. Johnson and wife amounting to $100,000, and office rent in the sum of $4300.00.

The situation as to us presented properly invoked the action of the trial court in the naming of a receiver. ▆▆▆▆▆▆ ▆ It is not a question whether or not the same result might be accomplished in some other way permitted by the statute or by the general usages of equity, but did the court acting under the statute use reasonable judgment in naming a receiver under all the circumstances?

There is some claim that the Common Pleas Court lost its jurisdiction to proceed with the receivership and accept the bond on the receiver because of the ▆▆▆▆▆▆ ▆ perfecting of the notice of appeal prior to the filing of the receiver's bond. We take it this would not be urged upon the perfecting of the proceeding to review on law only but only in the event that appeal on law and fact had been completed. **Vail v McMillan, 17 Oh St 617.**

It is said in 34 O. J. 992:

"The right of the receiver to the possession of the property vests in him immediately and without any act on the part of the owner of the property, nor is it usually considered necessary that there should be an actual seizure of the property by the receiver, for the right of the parties became fixed at the time of the appointment of the receiver, and the legal status then existing could not be changed by any subsequent action. So, the possession of the receiver dates back to the time of his appointment. Where, as in Ohio, the receiver is required to give bond as a prerequihite to his entering upon the performance of his duties, it is a general rule that upon the giving of the bond the receiver's right to possession of the subject-matter of the receivership relates back to the date of the order of his appointment." Citing **Merchants Natl. Bank v McLeod, 38 Oh St 174.**

Objection is made to the appointment of counsel for the receiver. The statute setting forth the conditions under which one is eligible for appointment as receiver does not extend to the naming of counsel for the receiver. The entry is somewhat unusual in that it excepts Mr. Benoy from any obligation to represent the receiver in any proceeding for the purpose of fixing and determining the claims of Charles F

Johnson, Incorporated, or the claim or claims of the corporation against the Johnsons. This indicates that in all probability there is such a professional relation between Mr. Benoy and the Johnsons as would preclude his acting as counsel on behalf of the receiver. No disqualification of any kind or character appears respecting George E. Landis, the other counsel named for the receiver. The record does not disclose any interest of counsel named which establishes impropriety in the naming of the counsel for the receiver, especially in view of the limitation placed upon the action of Mr. Benoy in the cause.

It appears that Mr. Benoy, who formerly represented the corporation and was appointed by the court to receive claims against it has, by reason of his association with the company and its court proceedings, an appreciation of the involved relations of the corporation, which makes him especially valuable as counsel in the cause.

We find no abuse of discretion in the action of the court in determining the necessity for receivership of the corporation in the appointment of Mr. Barton as receiver or in the naming of ▆▆▆▆▆▆ ▆ counsel for the receiver. Nor do we find any inconsistency in the action of the court in naming a receiver after having made the former orders under §8623-85 GC, incident to the filing of the action in 1932 as any ▆▆▆▆▆▆ ▆ and all orders not inconsistent one with the other provided under this section may be made, depending upon the advisability of so doing to accomplish the general purposes of that section of the corporation act.

### APPEAL IN CAUSE NO. 2665

This review is directed to the order of March 3, 1936, removing Mr. Valentine as one of the receivers for the assets of Charles F. Johnson, Incorporated. The brief of counsel for the appellants in this case is directed to the claimed error of the court in asserting any further jurisdiction in the receivership after the filing of the notice of appeal and more specifically to the validity of the actions of Mr. Barton, the receiver, than to the subject matter of the appeal, namely, the error in removing Mr. Valentine as receiver. The right of Mr. Barton to give bond and the court to accept it and to proceed with the receivership after the notice of appeal had been perfected is grounded upon the order of February 28.

The sole error, then, which we consider

under this case number is directed to the removal of Mr. Valentine as receiver. The entry is inaccurate in the particular wherein it states that Mr. Valentine "having declared this day in open court that he would not qualify as one of said receivers by giving the bond required of him by this court." Mr. Valentine in open court did not state that he would not qualify as a receiver for the corporation.

This inaccuracy, however, is not vital because the court had the right to conclude from the contradictory statements of Mr. Valentine and Mr. Barton, made in open court, that Mr. Valentine had stated to Mr. Barton that he would not qualify as receiver. Then, too, though Mr. Valentine's attitude toward the appointment of the receiver was at times uncertain on the record in view of the prayer of the cross petition and certain statements made by him at the first hearing on the application to appoint a receiver, when he gave notice of the intention of his clients to appeal from the appointment of the receiver, this was a definite stand upon which the court had full right to predicate the conclusion that he did not purpose to qualify as receiver.

The court has wide discretionary power in removing a receiver.

"The power to vacate the appointment or to remove the receiver is implied in the power to appoint." Cincinnati S. & C. R. R. Co. v Sloan, 31 Oh St 1; Brockman v Consolidated B. & S. Co., 5 O.N.P. 61.

We are of opinion that technically the order of March 3, 1936, is incorrect insofar as it directs the removal of Mr. Valentine as receiver. It properly ▮▮▮▮▮▮▮ ▮ should have recited the withdrawal of the appointment of Mr. Valentine for the reason that he had not qualified and did not desire to qualify. That which empowers the receiver to act under his appointment is the taking of the oath and the giving of the bond, as provided in §11896 GC. Until these acts are done the receiver merely has the authority by which he qualifies. There is nothing in the entry removing Mr. Valentine which, as is suggested in his brief, imputes any misconduct to him as receiver. On the contrary the cause is expressly set forth in the entry, namely, that he refused to qualify. We see no reflection upon Mr. Valentine in the language of the entry but if he prefers that it be modified so that it will recite the vacation of his appointment it may be so modified.

## APPEAL IN CAUSE NO. 2677.

The appeal in cause No. 2677 is directed to the order of the court instructing the receiver to reject and disaffirm the Mulby contract.

We have not set this contract out at length. Generally it provides that in consideration of the sum of $130,000 to be paid by Charles F. Johnson, Incorporated, to the appellants, said sums to be paid $3000 on or before six months with interest at 6%, $3000 on or before one year without interest, and $124,000 on or before ten years without interest, the appellants were to sell to the corporation 457 lots, excepting four numbered lots, of Mul-ber Heights Amended Addition to the City of Columbus, the company to pay taxes and assessments thereafter demandable upon the premises and to pay appellants for release of lots as the same are deeded, the release price to be not less than 60% of the sale price, the appellants to execute power of attorney to William E. Mulby, authorizing him to sign any and all instruments of record for appellants in their place and stead in connection with the exercise of the proposal. The proposal was made by the appellants and accepted by the corporation on April 10, 1926. Some payments had been made under the contract, some lots sold before the action of April 19, 1932, and some lots sold since the institution of this action.

There is controversy between the appellants and the corporation and Mr. Benoy, who acted under authority of the court to accept claims, as to the conditions under which certain deeds were made to purchasers of lots of the Mul-ber Heights Amended Addition after the institution of the action. However, it is obvious that the ten years after the date that the proposal was made and accepted when the $124,000 was to be paid had not elapsed when the court made the order directing the receiver to reject and disaffirm the contract. The order of the court is supported upon the theory that the contract under consideration was executory, at least in part. In 34 O. J. 1020 it is said:

"The general rule is undisputed that a receiver is not bound to adopt or perform executory contracts, or otherwise step into the shoes of the person for whom he is appointed receiver, if, in his opinion, it would be unprofitable or undesirable to do so."

As authority for the text there is cited Wilder v McDonald, 63 Oh St 383 and Uni-

versal Rim Co. v Scott (D. C.) 21 F. (2d) 346.

Wilder v McDonald, supra, supports the right of an assignee for the benefit of creditors to refuse to accept the assignment of a lease to which his assignor was a party if, in his opinion it will be unprofitable to the creditors to do so. Judge Williams writing the opinion, at page 395 quotes from Trust Co. v Wabash Ry. Co., 150 U S. 299:

"The general rule applicable to this class of cases is undisputed, that an assignee or receiver is not bound to adopt the contracts, accept the leases, or otherwise step into the shoes of the assignor, if in his opinion it would be unprofitable or undesirable to do so."

The instant question, then, is whether or not the court was correct in holding that the contract was executory. We have no hesitancy in saying that in part at least this was an executory contract. It comes clearly within the definition of such a contract. In 13 C. J. 245 it is defined:

"An executory contract is one in which a party binds himself to do or not to do a particular thing in the future."

Clearly, the contract as to the corporation is executory insofar as it required the payment of the $124,000 by the corporation ten years after the date of the contract and whether or not any part of it is executory as to the Mulbys and if fully executed the extent of the obligation of the company to perform is not necessary at this time to say. We are satisfied that the court acted well within its discretion in directing its receiver upon application to disaffirm and reject the continuance of the obligation of the Mulby contract.

The court very properly saved all rights of the appellants to any and all obligations of the corporation to them by reason of the breach of any of the conditions of the contract to be performed by the corporation in the language of the entry wherein it was provided "that the receiver is instructed to apply to the court for instructions in respect to the allowance or disallowance of any claim growing out of said contract which may be filed by William E. Mulby as attorney-in-fact, or trustee," or by any of the other parties to the contract, "within three days after the filing of any such claim by either of the persons afore-

said." Here is left open to the appellants their right to have any and all claims accruing in their behalf from the contract with the corporation determined and all damages resulting to them fixed. They have also set up their cause of action against the corporation in the cross petition filed in this cause, which has not been adjudicated.

Many propositions are urged in the briefs of counsel, which we have not specifically discussed. We have, however, given careful attention to the detailed arguments appearing in the briefs. It would serve no useful purpose to protract this opinion further.

We find no prejudicial error intervening in any of the causes to the prejudice of the appellants. The orders will, therefore be affirmed.

BARNES, PJ, and BODEY, J, concur.

## ON APPLICATION FOR REHEARING

Decided Sept 14, 1936

By THE COURT

Submitted on application of counsel for appellants.

We have carefully considered the extended application for rehearing and are of opinion that our original decision should not be modified. We do not believe that any of the substantial rights of the appellants has been prejudiced by our conclusion and are satisfied that any issue vital to this cause may be determined upon the pleadings as made up prior to the appointment of the receiver.

The application will be overruled.

BARNES, PJ, HORNBECK and BODEY JJ, concur.