**HOLLYWOOD TELEVISION SERVICE, INC. et, Plaintiffs-Appellees, v. PICTURE WAVES, INC. et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 5051.   Decided November 12, 1954.

C. C. Crabbe, Garek & Sillman, Maugan & Vacca, Columbus, for plaintiffs-appellees.

Stephen Mack, Toledo, Dale D. Rapp, W. B. McLeskey and C. W. McLeskey, Columbus, for defendant, Picture Waves, Inc.

## OPINION

By THE COURT.

This is an appeal from a judgment of the Common Pleas Court appointing a receiver for the defendant-appellant, Picture Waves, Inc. The judgment entry is rather extended consisting of twelve numbered paragraphs of findings which precede formal adjudication appointment of the receiver. Appellant assigns fourteen errors as follows:

1. That §1701.93 R. C. (§8623-85 GC) by virtue of which said receiver is alleged to have been appointed, is unconstitutional in that it deprives the corporation involved of its property without due process of law in contravention of **Article I, Section 16 of the Ohio Constitution** and the 14th Amendment to the Constitution of the United States.

2. That said plaintiffs-appellees were and are not authorized to commence and maintain this action because they were not judgment creditors at the commencement thereof.

3. That the petition filed in this cause does not state facts sufficient to constitute a cause of action or to justify the appointment of a receiver.

4. That in determining whether or not a receiver should be appointed the Court erred in requiring the defendant-appellant, Picture Waves, Inc., to show cause why a receiver should not be appointed.

5. That the appointment of said receiver was not in accordance with law.

6. That the appointment of said receiver constituted an abuse of discretion.

7. That the appointment of Peter Vacca, as receiver, and Justin L. Sillman, as attorney for receiver, was not in accordance with law.

8. That the appointment of Peter Vacca, as receiver, and Justin L. Sillman, as attorney for receiver, constituted an abuse of discretion.

9. That the findings and conclusions set forth in paragraph numbered 10 of said judgment are not sustained by sufficient evidence, are against the manifest weight thereof, and are contrary to law.

10. That the findings and conclusions set forth in paragraph numbered 11 of said judgment are not sustained by sufficient evidence, are against the manifest weight thereof, and are contrary to law.

11. That the findings and conclusions set forth in paragraph 12 of said judgment are not sustained by sufficient evidence, are against the manifest weight thereof.

12. That said judgment is not sustained by sufficient evidence, is against the manifest weight thereof and is contrary to law.

13. That said judgment should have been for the defendant-appellant, Picture Waves, Inc., instead of for the plaintiffs-appellees.

14. Other errors of law occurring at the hearings and trials in said

Court and apparent upon the face of the record, to which said defendant-appellant, Picture Waves, Inc., then and there duly excepted.

Counsel have briefed the questions presented by the errors assigned at great length. In discussing and determining the questions presented, we will be as brief as possible and will not in many instances where we believe the principles of law controlling are well established cite authority. The contention of appellant as to the first error assigned is that §1701.93 R. C. defining jurisdiction and procedure in voluntary dissolutions of corporations is unconstitutional in that it deprives the corporations of due process of law in contravention of Federal and our State Constitution. The section in our judgment provides for notice to all the directors of the dissolved corporation and such other persons interested as such court or judge deems proper, * * *.

Second: The plaintiffs may not maintain the action because they were not judgment creditors of defendant-appellant, Picture Waves, Inc., at the commencement of the action. The section, §1701.93 R. C., provides that the

"adjudications provided in this section may be made upon the petition of the directors of a dissolved corporation or a majority of them, or of a **creditor**, or shareholder, * * *."

It is insisted that the word "creditor" must be interpreted to mean judgment creditor of the dissolved corporation at the time the action is instituted for the appointment of a receiver. The term is not defined by the statute or at any place in the General Corporation Code. It must be interpreted in the light of the purpose of the section and the procedure set forth in the General Corporation Act.

There is merit in the respective contentions of the parties In the instant proceedings the claims of the alleged creditors, both of which have instituted actions against the defendant corporation and one of which has made shareholders parties, are disputed in their entirety. As we understand the pleadings in the cases which have been instituted, if the defendant corporation maintained its contention neither of the claimants would be a creditor. If this should eventuate, manifestly the corporation would be subjected to expenditures, court cost, etc., unnecessarily and improperly. The ultimate determination whether or not either of these claimants is a creditor must be made by a jury and not by a court alone. If "creditor" is to be given the meaning of simple contract creditor the judge who has the responsibility of naming a receiver must determine with some certainty that there is substance to the obligations upon which the applicants for the appointment of a receiver base their contention that they are creditors.

On the other hand, there are moving reasons for the construction that the word "creditor" includes simple contract creditors. The purpose of the appointment of a receiver by the authority of §1701.93 R. C. is to preserve the assets of the dissolved corporation to the end that no debtor will be unpaid if by the appointment of a receiver it can be prevented. The limitation in §1701.32 R. C., on an action by a creditor against a shareholder is one year after the corporation has been dissolved. This has effect whether or not a receiver has been appointed.

This statute lends some support in favor of construing "creditor" as contract creditor.

Counsel have cited a number of cases on the proposition. The authorities set out in appellants' brief, quite numerous, all were pronounced in receiverships sought or completed under the general equity powers of the courts and are not necessarily controlling here. Nor does the case **In re Johnson Dissolution, 22 Abs 534**, reach our question because it was not presented, discussed or decided in that case. The opinion in Drake v. National Bank of Commerce (Va.), 190 S. E. 302, is persuasive because of the soundness with which the statute there involved is discussed as it relates to an interpretation of the word "creditors" as found in the Act.

The issue is not free from doubt but by reason of the fact that we' must indulge a presumption in favor of the regularity and the correctness of the judgment under review **Euclid Roxford Co. v. Bolgar, 4 Abs 733**, we hold as did the trial judge.

The third assignment of error is that the petition did not state facts sufficient to constitute a cause of action for the appointment of a receiver and six reasons are assigned in support thereof. Without discussion, we hold against the appellant on this assignment particularly because the averments which would constitute a sufficient cause of action under the corporation act which is controlling here, are not to be determined in the light of the adjudications in receiverships arising under the general chancery jurisdiction of our courts.

The fourth assignment of error is that the court erred in requiring the defendant to show cause why a receiver should not be appointed. We agree with the proposition that the citation, so worded, was unfortunate and that at all times the burden was upon the applicants to establish by requisite proof the necessity for the appointment of a receiver. However, upon a full consideration of the record we cannot say that the judges who presided at the hearings leading up to the appointment of a receiver did not properly place the burden of proof.

We agree with Judge Harter that at the time of the conclusion of the hearing before him he had no choice but to name a receiver. At that time it appeared, without qualification, that the corporation had dissolved and that it had transferred all of its assets to its shareholders without any provision for payment of its creditors. The situation as developed in the later hearing before Judge Clifford was different and presented a much more serious challenge to the necessity, or the advisability of naming a receiver. We later consider the validity of the order under review.

The fifth and sixth assignments of error are that the appointment of a receiver was not in accordance with the law and constitute an abuse of discretion. Upon the state of the record, we cannot say that the court erred in concluding it did not satisfactorily appear that the Board of Directors of the defendant corporation had adequately provided for the payment of the obligations of the corporation, as is required by §1701.92 **R. C.** While it was the obligation of the court to name a receiver, if it reasonably appeared that there were creditors whose claims might be

in jeopardy without the protection of a receiver, it could not have anticipated that there were creditors other than the petitioners unless it reasonably appeared there were such creditors. Mere suggestions that there might be other creditors could not afford justification for the assumption they were existent and therefore they should be protected by a receivership.

If the petitioning creditors had been made safe in the full amount of their claims, if they secured a final judgment against the corporation, that should have been sufficient to have prevented the appointment of a receiver and to have permitted the directors of the corporation to continue to carry on subject to the order of the court. Mr. Mack, no doubt, intended to make certain by his proffer that if the petitioning creditors secured judgments they would be paid and that a fund would be deposited with the clerk for that purpose. But he did not definitely say so, nor were the terms expressly stated under which he would deposit, nor was there any deposit forthcoming. We cannot hold that the offer of Mr. Mack is a complete bar to the appointment of a receiver nor that the court abused its discretion in the appointment.

The seventh and eighth assignments of error are that the court abused its discretion in naming Mr. Vacca as receiver and Mr. Sillman as his attorney. We do not so hold because of the language of the applicable part of §1701.98 R. C., "any officer, director, shareholder, or other person, whether a resident of the state or a nonresident, and however interested, may be appointed as receiver." Neither the receiver nor his attorney was disqualified from eligibility for appointment.

Without discussion we hold against the appellant on the ninth, tenth and eleventh assignments of error.

We have not burdened this opinion with the detailed statement of the facts in this case because they are entirely familiar to counsel and by this time to the members of this Court.

The judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.