Allen, J.
 

 Plaintiff in error claims:
 

 “(1) That the petition in error and bill of exceptions not having been filed in the Court of Appeals within 70 days after the decision of the court of common pleas, the motion of defendant in error, now plaintiff in error, to strike said petition in error and bill of exceptions from the files of said court, should have been sustained.
 

 “(2) The Court of Appeals erred in holding in effect that the courts take judicial note of written rules promulgated by the Federal Prohibition Commissioner.
 

 “ (3) That it is error to permit the written rules of the Federal Prohibition Commissioner to be proved by parol evidence.
 

 “(4) That there is no evidence on which to convict the plaintiff in error of violating any law, either state or federal.
 

 
 *5
 
 “(5) That intent is the essence of the offense charged and no intent to violate any law is shown. ’ ’
 

 Taking np these objections in their order, in support of his first contention plaintiff in error cites Sections 11564, 13680, 12270, and 13764, General Code. These sections read as follows:
 

 Section 11564: “When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry, or the exception is to the decision of the court on a motion to direct non-suit, or to arrest the evidence from the jury, or for a new trial for misdirection to the jury, or because the verdict, or if a jury is waived, the finding of the court is against the law and the evidence, or on the admission or rejection of evidence, the party excepting must reduce his exceptions to writing, and file them in the cause, not later than forty days after the overruling of the motion for a new trial, or the decision of the court, when the motion for a new trial is not filed.”
 

 Section 13680: “If a defendant feels himself aggrieved by a decision of the court, he may present his bill of exceptions thereto, which the court shall sign, and it shall be made a part of the record, and have like force and effect as in civil cases. If exceptions be taken to the decision of the court overruling a motion for á new trial, because the verdict is not sustained by sufficient evidence or is contrary to law, the bill of exceptions must contain all the evidence; and the taking of all bills of exceptions shall be governed by the rules established in civil cases. The bill of exceptions shall be filed with the pleadings and papers, but not
 
 *6
 
 recorded unless the court for good reasons shall so order; and evidence must not be recorded.”
 

 Section 12270: “No proceedings to reverse, vacate or modify a judgment or final order shall be commenced unless within seventy days after the entry of the judgment or final order complained of; or in case the person entitled to such proceedings is an infant, a person of unsound mind, or imprisoned, within seventy days exclusive of the time of such disability.”
 

 Section 13764: “Whenever a court, superior to the trial court, renders judgment adverse to the state in a criminal case or proceeding, error may be prosecuted to reverse such judgment in the next higher court by either the prosecuting attorney or attorney-general. If such conviction has been for a violation of a municipal ordinance, such proceedings in error may be brought by the solicitor of the municipality. Like proceedings shall be had in such higher court at the hearing of the petition in error as in the review of other criminal cases. The clerk of the court, rendering the judgment sought to be reversed, on application of the prosecuting attorney, attorney-general or solicitor, shall make a transcript of the docket and journal entries in such case, and transmit it with all bills of exceptions,' papers and files in the case to such higher court.”
 

 Plaintiff in error claims that as the petition in error and bill of exceptions were not filed in the Court of Appeals within 70 days after the decision in the court of common pleas, under the above statutes it was reversible error to overrule his motion to strike from the files. This contention,
 
 *7
 
 however, is not well taken. It is well established that Section 13680, General Code, applies only to trial courts. A specific holding from this court upon this point is found in
 
 State of Ohio
 
 v.
 
 Myers,
 
 15 Wkly. Law Bul., p. 283:
 

 “Error to the district court of Van Wert Co. Secs. 7304 to 7308, inclusive, of Rev. Stats, [now Sections 13680 to 13684, General Code], apply to trial courts — courts of original jurisdiction — and do not authorize exceptions to decisions in a district court reviewing a cause on proceedings in error to the court of common pleas. This action is dismissed for want of jurisdiction. No further report.”
 

 Section 11564, General Code, also applies to trial courts only. It speaks of jury, of verdict, of the finding of the court, and shows upon its face that it covers trials,, and not hearings on review.
 

 Section 12270, upon which the defendant relies, applies only to civil cases.
 
 Miller
 
 v.
 
 State,
 
 73 Ohio St., 195, 76 N. E., 823, holds squarely that Section 6723, which now is Section 12270, General Code, does not govern the time within which proceedings may be commenced to reverse a sentence and judgment in a criminal case, and, there being no provision in the statute fixing such limitation, a motion on the part of the accused presented for leave to file a petition in error 22 months after the rendition of the judgment complained of will not be refused on the ground that it is not filed in time.
 

 Since the petition in error in the Court of Appeals was filed in a reviewing court, and not in a trial court, and was filed in a criminal, and not
 
 *8
 
 in a civil, case, we find plaintiff in error’s first contention untenable.
 

 We shall next consider whether the Court of Appeals was erroneous in its holding that the state courts take judicial notice of written rules promulgated by the federal Prohibition Commissioner.
 

 Section 6 of the Volstead Law (él Stats, at L., 310; Section 8351e, Barnes’ Fed. Code) reads in part as follows: “No one shall * * * sell * * * any liquor without first obtaining a permit from the commissioner so to do,” and further provides: “It [the permit] shall give the name and address of the person to whom it is issued and shall designate and limit the acts that are permitted and the time when and place where such acts may be performed.”
 

 . Subsection 7 of Section 1 of the National Prohibition Act (él Stats, at L., 307; Section 8351, paragraph 7, Barnes’ Fed. Code) authorizes the Commissioner of Internal Revenue to make regulations for carrying out the provisions of the act as follows:
 

 “The term ‘regulation’ shall mean any regulation prescribed by the Commissioner with the approval of the Secretary of the Treasury for carrying out the provisions of this act, and the Commissioner is authorized to make such regulations.”
 

 Section 80 of Article XV of the Regulations relative to the sale, possession, and use of intoxicating liquor made by the Commissioner of Internal Revenue, pursuant to the above authority, reads as follows:
 

 “All persons holding permits under these regulations * * * are authorized to possess intoxi
 
 *9
 
 eating liquor * * * for the purpose and at the places designated in their respective permits.
 

 “(a) Intoxicating liquor may not he possessed * * * by persons holding such permits for other purposes or at other places than authorized in their respective permits. * * *”
 

 In the trial of this case before the mayor, the state, against the defendant’s objection, introduced parol evidence to prove the existence of the above regulations governing the possession of liquors held under a permit. The Court of Appeals held that the admission of this testimony was not prejudicial, inasmuch as state courts take judicial notice of regulations made by the Commissioner of Prohibition. In this ruling the Court of Appeals was correct.
 

 It is the general rule that state courts take judicial notice of administrative regulations of considerable notoriety established by important state boards, such as railroad commissions, the rules of federal executive departments, and regulations of the United States army. 23 Corpus Juris, p. 99.
 

 This rule is carried out with regard to regulations of the Selective Service, of the safety appliance standards of the Interstate Commerce Commission, of the Secretary of the Interior, of the Department of Agriculture, of the Treasury Department for the payment of arrears to deceased officers, seamen, and mariners in the United States navy, of the Interior Department governing business of licensed traders.
 
 Zevely
 
 v.
 
 Weimer,
 
 5 Ind. T., 646, 82 S. W., 941;
 
 Caha,
 
 v.
 
 United States,
 
 152 U. S., 211, p. 221, 14 Sup. Ct., 513, 38 L. Ed., 415;
 
 Pecos & N. T. Ry. Co.
 
 v.
 
 Jarman & Arnett
 
 
 *10
 
 (Tex. Civ. App.), 138 S. W., 1131;
 
 United States
 
 v.
 
 Gumm Bros.,
 
 9 N. M., 611, 58 Pac., 398;
 
 Hettleman
 
 v.
 
 Frank,
 
 136 Md., 351, 110 Atl., 715; and
 
 Johnson
 
 v.
 
 Lincoln County,
 
 50 Mont., 253, 146 Pac., 471.
 

 It would be sophistry to hold that a certain set of regulations in the Treasury Department is subject to judicial notice and that another set of regulations in the same department is not. The regulations in question were laid down by a division of the United States Treasury Department pursuant to law, and under the authority above given the court holds that they are subject to judicial notice.
 

 The fact that the courts take judicial notice of the written rules promulgated by the federal Prohibition Commissioner disposes of the plaintiff in error’s third contention, that error was committed on the trial in permitting the written rules of the federal Prohibition Commissioner to be proved by parol evidence. It undoubtedly would have been objectionable to permit such proof to be made by parol if proof of the regulations was necessary. However no such proof was necessary, the court being bound to take judicial notice of the regulations.
 

 Plaintiff claims, fourthly, that there is no evidence on which to convict him of violating any law, either state or federal, and urges upon this point that under Section '6 of the ‘Volstead Act, above given, the permit he possessed did not prescribe where he should keep the liquor in his possession, but only prescribed the time when and place where the acts of using and selling might be performed.
 

 
 *11
 
 In view of the previous holding of the court to the effect that the state courts take judicial notice of the regulations of the Commissioner of Prohibition, which, regulations, provide, as above set forth, that intoxicating liquor may not be possessed by the person holding such permits for other purposes or at other places than authorized in their respective permits, and that persons holding permits are authorized to possess intoxicating liquor for the purpose and at the places designated in their respective permits, this contention of the plaintiff in error does not strengthen his case. The above regulation of the Commissioner of Prohibition, made pursuant to the National Prohibition Act, has the force of law, and it was violated by the plaintiff in error. Moreover, the act itself specifies that the permit designate and limit the acts that are permitted, and the time when and place where such acts are to be performed, and it is significant that under this act the permit was issued to Boone’s drug store, and to no other place.
 

 Plaintiff in error urges that under Section 6 of the Volstead Act he is. permitted to keep the liquor in a place entirely different from the place where he is to sell or to use it under the permit. With this argument we cannot agree. Carried to its ultimate conclusion, such a theory of the law would hold that under a similar permit it would be legitimate to store liquor in Cincinnati and to sell it in Cleveland. The statement of this proposition demonstrates its unsoundness. Obviously, the place Avhere the liquor is to be stored must be the place where the act of selling or using it is to be
 
 *12
 
 performed; otherwise the officers, whose duty it is under the law to check the amounts and sales of liquors stored under permits, would have the impossible task of examining quantities of liquor in one place which were to be sold in another, and the distance between the place of selling and the place of storing would depend purely upon the whim of the seller. That such an interpretation of the law would invite its immediate evasion is evident. In order that the government can inspect and regulate the legitimate use of liquors they must be stored in the same place where they are sold 6r used. We hold that it is a violation of the statute, apart from the regulations, to store liquor held under a permit in a place different from that where it is to be sold or used.
 

 Plaintiff in error finally contends that intent is the essence of the offense charged in this case, and that no intent to violate any law has been shown. The charge is laid under Section 6212-15, General Code, which reads as follows:
 

 “No person shall, after the passage of this act, manufacture, sell, barter, transport, import, export, deliver, furnish, receive, give away, prescribe, possess, solicit or advertise any intoxicating liquors except as authorized in this act. Liquor, and liquor preparations and compounds for non-beverage purposes, and wine for sacramental purposes, may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished, received, given away, possessed, prescribed, solicited and advertised, but only in accordance with the provisions of title II of the act of Con
 
 *13
 
 gress known as the ‘National Prohibition act,’ passed October 28, 1919.”
 

 Specific intent is not made an element of the offense charged under this section. However, the presence of the will to do the act which consummates the crime charged in the section is an element of the offense charged, and is shown upon this record. Plaintiff in error admits that he placed the 18 pints of liquor in a place different from the place in which he was permitted to store it. Boone’s reports to the Treasury Department show that he was acquainted with the provisions of the Volstead Act and with the regulations of the Prohibition Commissioner. That being the case, he knew that he was disobeying them. He intended to do the unlawful act of storing Ms liquor in a place not covered by his permit, and in so doing he violated the law.
 

 In conclusion, the court holds that the record exhibits the requisite degree of evidence establishing the guilt of the accused, and therefore affirms the judgment of the Court of Appeals.
 

 Judgment affirmed.
 

 Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Day, JJ., concur.