Dat, J.
 

 By the former decisions of this court it is recognized that the Court of Appeals derives its jurisdiction from the Constitution and not from the acts of the General Assembly, but that provision may be made by law for the exercise of that jurisdiction. The case of
 
 Cincinnati Polyclinic
 
 v.
 
 Balch,
 
 92 Ohio St., 415, 111 N. E., 159, held:
 

 “The General Assembly has no power to enlarge
 
 *314
 
 or limit the jurisdiction conferred by the Constitution of the state, but may provide by law for the method of exercising that jurisdiction.”
 

 And in
 
 State ex rel. Medical Centre Co.
 
 v.
 
 Wallace,
 
 107 Ohio St., 557, 140 N. E., 305, it was held:
 

 “Error may be prosecuted from actions in forcible entry and detention from any court of record in any county to the Court of Appeals of that county without leave of such Court of Appeals or any judge thereof, and it is the duty of the clerk of the Court of Appeals to file a petition in error tendered by the unsuccessful party upon compliance with the statutory procedure in such cases made and provided.”
 

 The Court of Appeals reached the conclusion that the portion of Section 6212-20, General Code, which required the granting of a motion for leave to file a petition in error before the record of the lower court could be reviewed, was unconstitutional and in conflict with the above-noted cases, and then went on to hold that the section in question, 6212-20, required that the petition in error be filed within 30 days after the judgment complained of, and that, it being more than 30 days from the date of rendition of the judgment, to wit, June 23, 1926, before the petition in error was filed on September 20, the first day that the Court of Appeals was in session after the rendition of such judgment, therefore the time within which to prosecute error had ■passed prior to the date of filing the petition in error.
 

 An examination of Section 6212-20 discloses the following language:
 

 “Such petition in error must be filed within
 
 *315
 
 thirty days after the judgment complained of * * # . When the reviewing court is not in session within the time provided for, * * * the petition in error may be filed with, and heard by, such reviewing court within ten days after it is in session.”
 

 The motion for leave to file the petition in error required by the Legislature in that section does not interfere with the constitutional right of the Court of Appeals to review the judgment of the lower court; and hence, if so much of the section, to-wit, the requiring of the motion for leave to file the petition in error and the denial of the right to file the same except after leave granted by the reviewing court, be regarded as unconstitutional, as found by the Court of Appeals, the balance of this section would still be constitutional and the right to file the petition in error still remain.
 

 “It is an established rule of construction of statutes, that if a construction can be given an act which will render it constitutional, that construction will be adopted, even though it may eliminate a part of the act, if the remainder may be disassociated from the part eliminated and leave a sensible and complete law of which it can be said that it would probably have been enacted by the Legislature had it known that the part eliminated was unconstitutional and void.” 25 Ruling Case Law, p. 1003.
 

 True,' the statute fixed the period of 30 days after the judgment complained of, and then in a later portion of the statute provided an exception, which was that, if the reviewing court was not in
 
 *316
 
 session within the time provided for, to wit, the 30 days, “the petition in error may be filed with, and heard by, such reviewing court within ten days after it is in session.”
 

 This proceeding was a criminal case, and if the plaintiff in error brought himself within the terms of the law providing the method of exercising this jurisdiction of the Court of Appeals, he had a right - to be heard. The 70-day rule provided by Section 12270, General Code, relative to civil cases, of course does not apply.
 

 “The statutory limitation for filing a petition in error to reverse a judgment in a civil action has no application to á criminal action.”
 
 Boone
 
 v.
 
 State,
 
 109 Ohio St., 1, 141 N. E., 841.
 

 We have examined the cases of
 
 Mahoning Valley Ry. Co.
 
 v.
 
 Santoro, Adm’r.,
 
 93 Ohio St., 53, 112 N. E., 190, and
 
 Schario
 
 v.
 
 State,
 
 105 Ohio St., 535, 138 N. E., 63, cited by counsel for defendant in error, but do not regard the same as inconsistent with the conclusions reached herein.
 

 We are therefore of opinion that the jurisdiction of the Court of Appeals is. fixed by the Constitution, although the method of its exercise may be provided by law. The Legislature may not, however, deprive such court of the jurisdiction to review the judgments of courts of record inferior to it by requiring that leave be first obtained before a petition in error may be filed in such Court of Appeals; such rule, however, does not apply to review by the court of common pleas of judgments rendered by courts inferior to it, as the court of common pleas derives its jurisdiction from legislative enactment.
 

 
 *317
 
 Hence we ■ reach the conclusion that the Court of Appeals erred in dismissing the petition in error filed by Crawford within the 10 days after such court was in session following the rendering of the judgment complained of. Its judgment in so doing is therefore reversed, and the cause is remanded to said court for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.