**BRAINARD INVESTMENT CO, LTD v F H L CORPORATION**

Ohio Appeals, 7th Dist, Trumbull Co

Decided Oct 5, 1936

Hoppe, Lea, Day & Ford, Warren, for appellee.

G. P. & M. E. Gillmer, Warren, and Philip Fusco, Warren, for appellant.

CARPENTER, J, (6th Dist) sitting by designation.

**OPINION**

By CARPENTER, J.

In the trial court in an action for fraud and deceit, plaintiff, The Brainard Investment Company, Limited, obtained a judgment against the defendant, F. H. L. Corporation, for $33,635.74. That defendant duly appealed to this court on questions of law, but gave no supersedeas bond. Execution was issued and returned "not satisfied," whereupon proceedings in aid were begun and as a result thereof the sheriff, Roy S. Hardman, was appointed receiver and ordered to inventory and hold all of the property of the judgment debtor "until further order of this court."

Lately the appellee has filed a motion to dismiss the appeal for the reason that the F. H. L. Corporation is not a proper party

**40**

appellant, and that this appeal can only be prosecuted by the receiver. The receivership was created after this appeal had been perfected, solely to hold intact the assets of the corporation pending this appeal, and it was entirely for the benefit of the judgment creditor, the appellee. So far as the record of this case discloses, no claims or liens other than that of the appellee are being asserted against the property. Such being the situation, the receiver is not a necessary party in this appeal.

The motion to dismiss the appeal is overruled.

The motion for a new trial was overruled March 13, 1936, and on March 24, notice of appeal on questions of law was filed. April 30, 1936, appellant filed in the trial court its bill of exceptions, to which is attached a stipulation signed that day by counsel for both parties, which reads as follows:

"The signature of the trial judge is hereby dispensed with and it is hereby agreed and stipulated by and between counsel of record for the parties hereto that the foregoing bill of exceptions is a true bill of exceptions."

Affidavits and supplemental affidavits aggregating forty-one pages were filed by counsel for opposing parties setting forth the memory of each affiant as to various conversations had between them regarding the settling and filing of the bill of exceptions. All of this culminated in the signing and filing on April 30th of the stipulation above quoted, which was then attached to the bill of exceptions. May 12th that bill was filed in this court.

There was promptly filed by the appellee a motion to strike from the files the bill of exceptions for the reason it was not filed in the trial court within the time fixed in §11564, GC, to-wit, forty days, from the overruling of the motion for a new trial, March 13, 1936.

The appellant defends its bill of exceptions upon three propositions, as follows:

1. The filing of a bill of exceptions within forty days is no longer a jurisdictional requirement.

2. The bill of exceptions was filed in time.

3. Appellee waived the right to object and is estopped to deny that the bill was not filed in time.

Prior to the amendment to §11564, GC, made as a part of the recent act "To establish a simplified method of appellate review," 116 Ohio Laws 104, the filing of a bill of exceptions within forty days of the overruling of a motion for a new trial was mandatory, but the performance of the ministerial duties of the clerk and trial judge after proper filing were directory as to time. **Pace v Volk, 85 Oh St 413, 98 NE 111; Porter v Rohrer, 95 Oh St 90, 115 NE 616.**

Sec 11564, GC, applied only to trial courts. **Boone v State, 109 Oh St 1, 141 NE 841.**

It is now urged that the new Appellate Procedure Act has changed all this, because §12223-4, GC, says:

"The appeal shall be deemed perfected when written notice of appeal shall be filed * * *. After being duly perfected * * * no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

Sec 11564, GC, as to appeals to this court was changed in but two respects by the Appellate Procedure Act, viz., one which in effect changes the name from bill of exceptions to bill of objections to conform to the new practice of omitting exceptions. §11560, GC. The other change was the proviso added to make it possible for an appellant on questions of law and fact to perfect his bill when it is determined he is not entitled to retry his case on facts, but can only have a review on the law as provided in §12223-22, GC. How and when this may be done is very definitely stated in the proviso.

The mandatory language of the old law is retained with reference to filing "not later than forty (40) days after the overruling of the motion for a new trial."

The fact that this emphatic language is retained in the section, and the one exception is so clearly expressed in the proviso above noted, gives rise to the application of the principle, expressio unius est exclusio alterius.

Entirely consistent with this idea is the language of §11572, GC, as amended. It is but slightly changed from its earlier form to make its terms conform to the new law. The section deals with and makes possible the perfecting of the bill of exceptions in the trial court after appeal has been perfected just as the same could be done formerly after petition in error had been filed. Then it says "Thereafter, **within the time limited by law therefor,** he may prepare, have allowed and signed, a bill of exceptions, which, when duly allowed and filed in the trial court, he may also file in the

appellate proceedings * * *." (Emphasis ours).

The language "the time limited by law therefor," certainly contemplates that the limitations as to time were intended to be continued under the new procedure.

These last two stated propositions lead to the conclusion that the Legislature did ⬛ not intend to change the mandatory force of the forty-day requirement for filing bills of exception in the trial court. This conclusion is consistent with the expressed purpose of the act, viz., "to establish a simplified method of appellate procedure." If the forty-day limitation does not mean what it says, if the time can be extended, within what limits and by what authority can such extension be made except that contained in the proviso? Nowhere in the act is either the trial or appellate court given authority to change the time limit. If such power was intended, somewhere it should be stated in the act. For a court now to attempt such definition of power would be judicial legislation, and very much complicate and delay appellate procedure rather than "simplify" and expedite it.

It should also be noted that the granting of the motion now under consideration and the striking of the bill of ex- ⬛ ceptions from the files do not destroy the appeal. This court still has before it the review of any matters appearing upon the record of the cause, and the appellant claims there are such matters that require a reversal even though the claimed errors revealed in the bill of exceptions are barred from consideration here. Hence this requirement as to the procedure in the trial court in completing the record is not one of the things referred to in §12223-4, GC, as a "step required to be taken subsequent to perfection of the appeal." That provision relates to appellate court procedure.

It is also suggested that all appeals are now continuations of the same cause, and are not separate or new proceedings as under the former error procedure. While this is true with reference to the style of the case and elimination of summons in error or other notice, the character and purpose of appeals on question of law are not different than under the former practice, nor can they be under the existing constitutional provision defining the jurisdiction of Courts of Appeals, which is "to review, affirm, modify or reverse the judgments of the Courts of Common Pleas," etc.

Coming to the second defense the appel-

lant makes for its bill of exceptions, we find its claim is that when appellee signed the stipulation above quoted, it extended the filing time, the ten days appellee had in which to file objections, and the five days given the clerk in which to transmit the bill to the trial judge as provided for in §11565, GC, and the five days which the judge has in which to correct and allow the bill, §11566, GC, a total of twenty days, to be added to the forty days. This bill was filed on the forty-eighth day after the motion was overruled on March 13th, and fifty-two days from the entry of the court's findings and judgment, and hence was within the sixty days claimed to result from this stipulation.

Our conclusion is that all of the proceedings provided for in §§11565 and 11566, GC, contemplate a previous filing of the bill as required by §11564, GC, and the amendment to §11571, GC, authorizing a stipulation such as the parties filed ⬛ here does not affect the forty-day filing requirement. All three of the provisos added to §11571, GC, as amended were intended to facilitate and expedite, not delay, appellate procedure.

Appellant's reasoning for such extension of filing time, leads to its even more strained third claim, that when appellee took advantage of the privilege given it in the amended part of §11571, GC, and stipulated to waive the signature of the trial judge and agreed that the bill "is a true bill of exceptions" it waived its right to object and is estopped to deny that the bill was not filed in time.

This leads to the conclusion that appellant could then take its own time to file the bill, a reductio ad ab- ⬛ surdum. Surely such result was not intended by the Legislature, a result which would make possible delay and uncertainty in appellate practice. We think this amendment was intended to hasten the time when the record would be complete and ready to be "filed and considered" in the appellate court.

The policy of the law of Ohio is well expressed in the opinion of Long v Newhouse, 57 Oh St 348, 366, 49 NE 79:

"Reason requires that the contents of a bill of exceptions should be determined in a reasonable time after the motion for a new trial had been overruled; and it is therefore contrary to the policy of the law to permit parties to extend the time for preparing and settling it beyond the time fixed by the statute."

The same "reason" applies with even greater force under the new law by which it is sought to make certain and expeditious appellate practice.

The motion to strike from the files the bill of exceptions is granted.

Turning now to the record remaining, the pleadings and entries as shown in the transcript, the appellant claims it appears from these that the trial court applied the wrong measure of damages and therefore the judgment must be reversed.

The action on which judgment was entered was one for fraud and deceit in representations made by defendant, whereby plaintiff claims to have lost $63,441 with interest.

The finding and judgment was for $33,635.74. Without the evidence, it is not possible to tell how the court arrived at such amount, and it must be assumed the finding and judgment was correctly made and entered.

There appearing no error upon the record before the court, it can only affirm the judgment.

Judgment affirmed.

ROBERTS, J, concurs.
NICHOLS, J, dissents.

### DISSENTING OPINION

By NICHOLS, J.

I dissent only from the decision of the majority members of this court in granting the motion to strike from the files the bill of exceptions. The recent act entitled "An Act to establish a simplified method of appellate review," 116 Ohio Laws 104, must be construed as a whole, and effect given to the expressed purpose of the legislation, which is to establish a **"simplified method of appellate review."** Under the new act the only jurisdictional requirement to obtain a review in this court is the filing of the notice of appeal; no summons being required, the appeal must be considered as a continuance of the same cause, otherwise the procedure would be violative of the due process provision of the Constitution. The filing of the bill of exceptions is merely a "step required to be taken subsequent to perfection of the appeal." This is clearly set forth in §12223-4, GC, wherein it is provided:

"The appeal shall be deemed perfected when written notice of appeal shall be filed * * *. After being duly perfected * * * no step required to be taken subsequent to the perfection of appeal shall be deemed to be jurisdictional."

The act being construed as a whole to effectuate the defined purpose thereof, it will not do to pick out one provision of the act and give it such force and effect as will destroy that purpose. The majority members of this court have stated that the purpose of the new appellate procedure is "to make certain and expeditious appellate practice." The fundamental purpose of the enactment, as stated in its title, is to simplify the procedure for a review in this court of the judgment of the trial court. Any construction of the act which will defeat such review upon technical grounds will destroy the defined purpose of the act.

Underlying all of the provisions of the act relating to the preparation and filing of a bill of exceptions, it seems clear that the real purpose is to have a true bill of exceptions for consideration by the reviewing court. In the absence of any agreement between parties to the action, it is necessary, to make expeditious disposition of the action in the appellate court, that there be fixed a time within which the bill shall be filed with the clerk of the trial court, who is likewise the clerk of the appellate court, to the end that the opposing counsel may have a reasonable time, fixed at ten days, in which to file objection or amendment to such bill, and time in which the court may allow and sign the bill of exceptions, but when the parties agree that the bill of exceptions is a true bill and waive the signing thereof by the trial court, there is no occasion for filing objection or amendment and no time is required for the signing and allowing of the bill, and, hence, the act provides (§11571, GC):

"That the signature of such judge may be dispensed with by agreement of the parties and when all the parties, individually or by their attorneys of record stipulate that the bill of exceptions is a true bill of exceptions, it shall be filed and **considered** as such without the signature of the judge." (Emphasis mine).

Thus, we find by the mandatory provision of the act that the agreed true bill of exceptions shall be considered, and the court which is to consider the bill is, of course, the reviewing court, not the trial court.

The language of §11571, GC, wherein it is provided that such agreed true bill of exceptions shall be considered as such, would

be without any meaning whatever if we are to hold that in every case the bill is to be filed in the trial court within forty days after the overruling of the motion for a new trial.

Construing the act as a whole, the principle expressio unius est exclusio alterius has no application for the reason that the act in its several sections provides a number of instances in which the bill need not be filed in the Common Pleas Court within forty days; one of these instances being wherein the act (§11571 GC) provides:

"That the bill of exceptions shall not be necessary in a case in which the entry of judgment shows that the case was tried on an agreed statement of facts and such agreed statement was filed with the papers in the case."

Another section of the act (§11564 GC) provides:

"Whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and **no bill of exceptions has been filed** in the cause, that the Court of Appeals shall fix the time, not to exceed thirty days, for the preparation and settlement of a bill of exceptions." (Emphasis mine).

This provision clearly indicates that time is not of the essence of the act, but the important feature of the act is to provide for a true bill of exceptions for review upon questions of law.

Another provision of the act (§13459-3 GC) is that:

"It shall not be necessary to include in the transcript of the record, any bill of exceptions or objections, but the original bill of exceptions or objections, may be attached in lieu of the transcript of the record thereof. **The court in which the review is sought, by summary process, may compel a more complete record to be furnished,** * * *." (Emphasis mine).

The majority members of this court seem to conclude that the construction I have placed upon this act would permit an appellant to take his own time to file a bill of exceptions. Clearly, there is no need for concern upon this proposition, for the act provides (§12223-47 GC) that:

"The several judges of the Courts of Common Pleas and the Courts of Appeals shall make rules, not inconsistent with the laws of the state, for regulating the practice and conducting the business of their respective courts, which they shall submit to the Supreme Court. The Supreme Court may alter and amend such rules and make other and further rules, from time to time as is deemed necessary for regulating the proceedings in any of the courts of the state, for the purpose of making this act effective for the convenient administration of justice or of otherwise, simplifying judicial procedure."

Under authority of the last quoted provision of the act the judges of the Courts of Appeals have made rules which have been approved by the Supreme Court and wherein the Courts of Appeals have fixed the limit of time within which any bill must be filed, to-wit, not more than fifty days after the filing of the notice of appeal. The rules of the court are given the force and effect of law and are not in contravention of any constitutional provisions relating to the jurisdiction of the Courts of Appeals.

Under the old procedure the Common Pleas Court was authorized, under certain conditions, to extend the time for the preparation and filing of the bill of exceptions. This provision was not carried into the new act, but there is substituted therefor the provisions to which I have hereinabove adverted, whereby the reviewing court is authorized, by summary process, to compel a more complete record to be furnished, and this provision will fully protect against a situation wherein the bill of exceptions has not been filed within the forty-day period fixed in one of the sections.

I submit that a construction of the act which will do no injustice to the parties litigant which will not tend to delay and prolong litigation, but which will simplify the procedure in all matters which are not jurisdictional, will have a tendency to give respect for courts of justice; that the technical construction placed upon these statutes by the majority members of this court will serve to defeat the ends of justice and bring disrespect for the law as well as the court.

The parties to this action have agreed that the bill of exceptions is a true bill and have waived the signature of the trial judge, and the act provides that in this situation the bill shall be filed and considered,