**HALL v HALL**

Ohio Appeals, 6th Dist, Wood Co

Decided Nov 30, 1936

McClelland & Ladd, Bowling Green, for appellee.

George A. Cheney, Bowling Green, for appellant.

**OPINION**

By CARPENTER, J.

This was an action for divorce and alimony. The defendant, Fred J. Hall, filed an answer and cross-petition. The judgment was for plaintiff, Neoma Hall, awarding her divorce, alimony and custody of and support for their minor children. Defendant filed notice of appeal on "questions of law and fact." No bond was filed.

Under our new Appellate Procedure Act, appeals to this court may be taken either "on questions of law," which means review as proceedings in error, or "on questions of law and fact," which means a trial de novo of the cause, and, under **Article IV, §6, of the Constitution**, which defines the jurisdiction of this court, such appeals are limited to "chancery cases." In **Marleau, v Marleau, 95 Oh St 162, 115 NE 1009**, it was settled that divorce and alimony actions are not "chancery cases," hence this appeal "on law and fact" cannot be sustained as such.

The appeal has another infirmity in that no bond was given to perfect it as required by **§12223-6, GC**, which provides:

"No appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided, and unless the said bond be filed at the time notice of appeal is required to be filed."

The question is: Does this record invest this court with jurisdiction to consider this appeal as one on questions of law?

Sec 12223-5, GC, says that the notice of appeal shall designate "whether the appeal shall be on questions of law or questions of law and fact"; also "the failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court

in the furtherance of justice for good cause shown."

In this case, the type of appeal has been designated, and no application has been made or "good cause shown" why this court should exercise its jurisdiction, if it has any, to amend the notice of appeal.

Sec 12223-22, GC, provides:

"Appeals on questions of law and fact may be taken: * * * (2) Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

In §11564, GC, it is provided what shall be done with reference to settling a bill of exceptions when it is determined an appeal "taken" on questions of law and fact can not be heard as such.

Is an appeal on questions of law and fact "taken" when no bond has been filed as required by §12223-6, GC, quoted above? If a bond is necessary to make such appeal "effective," then certainly it is not "taken" within the meaning of the quoted part of §12223-22, GC. To "take an appeal" means to perfect it. The term "taken" in relation to an appeal  means perfected or completed. Nessmans v Colomes, 136 La. 1051, 68 So. 122, Law v Velson, 14 Colo. 409, 24 P. 2.

The purpose of the Appellate Procedure Act (116 Ohio Laws 104) as expressed in the enacting clause is: "To establish a simplified method of appellate review." This is accomplished by making one or two very simple acts operate to invoke the jurisdiction of the appellate court.

To "take" or make "effective" an appeal on questions of law, it is only necessary to file in the trial court, within a certain time, a notice of appeal which is fully described in §12223-5, GC, and such notice can be stated in a few lines. If the appeal is on "law and fact," two things are necessary, the notice of appeal and the bond. These things are jurisdictional and when done the cause is transferred to the court above, and subsequent procedure there is more elastic. But it is still necessary to do these simple but definite things to effect such transfer. Browne v Wallace, 66 Oh St 57, 63 NE 588.

For the reason that this appeal was not "taken" or made "effective" as one "on law

and fact," this court is without jurisdiction to entertain it, and it must be dismissed.

In the case of Sommers v DeRan, 53 Oh Ap 87, 4 NE (2d) 267, (22 Abs 310) we had occasion to deal with a similar problem, but in that case the appellant had given a nominal appeal bond, and because of that fact jurisdiction was established. On the showing of cause an amendment of the notice of appeal was permitted as provided in §§12223-5 and 12223-22, GC.

We think it proper to add that we have examined the whole record in this case, and, were it properly before us for review of the merits on questions of law, we would have to affirm the judgment of the trial court.

Appeal dismissed.

TAYLOR and LLOYD, JJ, concur.