STEVELY, APPELLANT, *v.* STOLL, APPELLEE.

(Decided August 20, 1937.)

*Mr. Howard Everett,* for appellant.
*Messrs. Marshall, Melhorn & Marlar,* for appellee.

GUERNSEY, P. J.   The appellant, George A. Stevely, plaintiff in the trial court, filed his notice of appeal on

questions of law and questions of law and fact from a judgment of the Court of Common Pleas of Auglaize county, Ohio, entered against him and in favor of the appellee, Loren D. Stoll, defendant below.

As shown by the pleadings and record, this action is one for damages for personal injuries alleged to have been sustained by the appellant through the negligence of the appellee.

The appellant did not file a bond for appeal upon questions of law and fact, as provided for by Section 12223-6, General Code.

The record discloses that the trial court sustained the defendant's motion for nonsuit at the close of plaintiff's evidence, and that a motion for new trial in the case was overruled on July 20, 1936. Judgment was entered in favor of the appellee and against appellant on that date, which is the judgment from which this appeal is taken.

The record further discloses that the bill of exceptions was not filed in the Court of Common Pleas until October 3, 1936. Thus a period of seventy-three days elapsed between the time when the motion for new trial was overruled and judgment entered and the time the bill of exceptions was filed in the trial court.

The record further discloses that appellant's assignments of error were not filed in this court until October 3, 1936, and that defendant's brief was not filed until October 15, 1936.

The bill of exceptions affirmatively shows that only a portion of the testimony of each of the witnesses in the case is incorporated therein.

The appellant, in his assignments of errors, assigns five claimed errors, as follows:

1. The Common Pleas Court erred in sustaining the motion of appellee to arrest appellant's case from the jury and to direct the jury to return a verdict in favor of the appellee.

2. The Common Pleas Court erred in not submitting appellant's case to the jury.

3. The Common Pleas Court erred in the rejection of testimony offered by the appellant.

4. The verdict and judgment of the Common Pleas Court is contrary to the facts and the law.

5. The verdict and judgment of the Common Pleas Court is contrary to the weight of the evidence.

The appellee filed three motions herein, as follows:

First. A motion for an order dismissing the appeals on questions of law and fact and on questions of law taken from the entry and order made in cause No. 12554 in the Court of Common Pleas of Auglaize county, wherein George A. Stevely was plaintiff and Loren D. Stoll was defendant, for the following reasons, to wit:

a. The appellant has failed to file a transcript of the docket and journal entries, together with such original papers or transcripts thereof as are necessary to exhibit the error or errors complained of, within ten days after the filing of notice of appeal.

b. Counsel for appellant has failed to file, within fifty days after the filing of notice of intention to appeal, assignments of error and brief.

Second. A motion for an order dismissing the appeal on questions of law and fact now pending in this case for the reason that it is not a "chancery" case and appeal on questions of law and fact to the Court of Appeals is limited to "chancery cases" by Article IV, Section 6, of the Constitution.

Third. A motion for an order striking the bill of exceptions from the files for the reason that the same was not filed in the Court of Common Pleas within forty days after the overruling of the motion for new trial, as is required by Section 11564, General Code; and, if this motion is sustained, for an order dismissing the appeal or affirming the judgment of

the trial court for the reason that without a bill of exceptions, there is nothing in the record on which error can be predicated; and for an order dismissing the appeal or affirming the judgment of the trial court for the reason that the alleged bill of exceptions shows on its face that it is incomplete and does not contain all the evidence, and because the errors complained of involve questions of law and fact that can not be considered by this court unless all the evidence is before it in the record.

Upon submission of the above motions to this court the appellant filed his motion for leave to amend the partial bill of exceptions filed herein and to have prepared a transcript of all the evidence taken in the court below, and to file such amended bill of exceptions herein to be considered by this court on the merits of the case. The case was submitted to this court upon the three motions of the appellee and the motion of the appellant.

We will confine our consideration to the second and third motions of the appellee, and the motion of the appellant, as a consideration of these motions disposes of the entire case, and we will first consider the second motion of the appellee and the motion of the appellant together, as they relate to the same subject-matter, and then consider the third motion of the appellee.

1. Under subdivision 3 of Section 12223-1, General Code, "the 'appeal on questions of law and fact' shall be construed 'to mean a rehearing and retrial of a cause upon the law and the facts and shall include all the proceedings heretofore and otherwise designated as an appeal, and shall be the same as may be designated by the phrase 'appeal on questions of fact.' "

The jurisdiction of the Court of Appeals is fixed by Section 6, Article IV, of the Constitution of Ohio, and such courts have "appellate jurisdiction in the trial

of chancery cases," and do not have appellate jurisdiction in the trial of any other class of cases. The Legislature has the right to provide by law for the exercise of the jurisdiction of such courts. *Daily, Admr.,* v. *Dowty,* 52 Ohio App., 84, 3 N. E. (2d), 430.

Section 12223-4, General Code, relating to appeals on questions of law and appeals on questions of law and fact, provides:

"The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

Section 12223-6, General Code, provides:

"Except as provided in Section 12223-12, no appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided, and unless the said bond be filed at the time the notice of appeal is required to be filed."

Section 12223-12, General Code, provides:

"Executors, administrators, guardians, receivers, trustees, trustees in bankruptcy, and county treasurers, acting in their respective trust capacities, who have given bond in this state, with surety according to law, and the state of Ohio or an officer thereof shall not be required to give the bond mentioned in General Code Section 12223-9."

Under the provisions of subdivision 2 of Section 12223-21, General Code, an appeal taken on questions of law and fact shall entitle the party to a hearing and

determination of the facts *de novo* and shall be upon the same or amended pleadings.

Section 12223-22, General Code, provides:

"Appeals on questions of law and fact may be taken:

"(1) From any court, tribunal, commission, or officer to any court of record as may be provided by law.

"(2) Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

Section 11564, General Code, provides:

"When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry, or the objection is to the decision of the court on a motion to direct nonsuit, or to arrest the evidence from the jury, or for a new trial for misdirection to the jury, or because the verdict, or if a jury is waived, the finding of the court is against the law and the evidence, * * * the party excepting must reduce his objections to writing, and file them in the cause, not later than forty (40) days after the overruling of the motion for a new trial, or the decision of the court, when the motion for a new trial is not filed. Provided, whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, that the Court of Appeals shall fix the time, not to exceed thirty days, for the preparation and settlement of a bill of exceptions. And provided further that where a motion is filed in the Supreme Court for an order compelling the Court of Appeals to certify its record or when error proceedings as of right are

instituted and a motion is filed to dismiss the error proceedings, the bill of exceptions shall be filed in the Court of Appeals, not later than twenty days from allowing such motion to certify, or overruling the motion to dismiss the error proceedings as of right.''

It will be noted that Section 12223-4, General Code, relating to both types of appeal, provides that the appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, and after being duly perfected no appeal shall be dismissed without notice to the appellant and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional. It will be further noted that Section 12223-6, General Code, relating specifically to appeals upon questions of law and fact prescribes that except as provided in Section 12223-12, General Code (which relates to appeals by fiduciaries and certain public officers, and has no application to appeals such as in the case at bar taken by persons not coming within such classes), ''no appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided, and unless the said bond be filed at the time the notice of appeal is required to be filed.''

These sections are *in pari materia* and must be read and construed together. Read and construed together it is obvious that where written notice of appeal on questions of law and fact is filed, a bond as provided in Section 12223-6, General Code, must be filed at the same time in order to perfect the appeal on questions of law and fact and that unless such bond is filed no appeal shall be effective as an appeal upon questions of law and fact.

It will be noted that under the provisions of subdivision 2 of Section 12223-21, General Code, an appeal

on questions of law and fact under the new appellate procedure is identical with the appeal provided by the former appellate code under Section 6, Article IV, of the Constitution, and is limited to chancery cases.

The provisions of subdivision 2 of Section 12223-22, General Code, are *in pari materia* with Section 12223-6, General Code, and must be read and construed with it. Read and construed in this manner it is clear that an appeal on questions of law and fact is not taken in a case where the bond for appeal required by Section 12223-6 is not filed, and that the provisions of such subdivision have no application to cases in which the appeal is not made effective by the filing of bond at the same time notice of appeal is filed. Consequently when an appeal on questions of law and fact is ineffective by reason of failure to file bond as provided in Section 12223-6, the dismissal of such appeal is not prohibited by Section 12223-22, nor does such section require that it shall stand for hearing on questions of law.

It is also obvious that the proviso contained in Section 11564, General Code, applies only to cases where an appeal on questions of law and fact has been made effective by the filing of a bond as provided in Section 12223-6, General Code.

Under the former appellate practice, where a case was appealed and the appellant did not prosecute error and the Court of Appeals determined that the case appealed was not a chancery case and therefore not appealable, there was no provision for the prosecution of error after such determination, and it was the purpose of the new Appellate Procedure Act to give the appellant the right to prosecute error after such determination was made. Bond was always required in appeals under the former appellate practice. Such provisions are retained in the present act and it was not the intention of the new act to dispense with

the giving of bond on appeals on questions of law and fact which are similar to appeals under the former appellate practice, as the provision as to the giving of bond is expressly retained in Section 12223-6 of the present act.

Under the provisions of Section 12223-5, General Code, the notice of appeal on questions of law and fact might be amended so as to be a notice of appeal on questions of law by the appellate court in the furtherance of justice for good cause shown, but such amendment would relate back to the time the notice of appeal was filed and would not have the effect of bringing the appeal within the provisions of Section 12223-22 and the proviso of Section 11564, General Code, *supra*. In the case at bar such amendment would add nothing to the rights of the appellant, as his notice of appeal provided for an appeal on questions of law and also on questions of law and fact, and upon the dismissal of his appeal on questions of law and fact the appeal would stand as an original appeal on questions of law.

The action in the case at bar is one for damages for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant and is a cause of action at law and not in chancery. As the case is not a chancery case an appeal on questions of law and fact does not lie and appellee would be entitled to have his second motion to dismiss sustained on this ground. But if this is the only ground upon which such dismissal is sustainable, the appellant, under the provisions of Sections 12223-22 and 11564, General Code, would have the right to demand that this court permit the case to stand as a case on appeal on questions of law and to have this court fix the time, not to exceed thirty days, for the preparation and settlement of a bill of exceptions, which relief might be granted under the appellant's motion. However, as hereinbe-

fore stated, there is another ground for the dismissal of the appeal on questions of law and fact, in that this appeal by reason of the failure to file bond with the notice of appeal, pursuant to the provisions of Section 12223-6, General Code, never became effective.

As this ground goes to the jurisdiction of this court and it is the duty of the court to dismiss when this want of jurisdiction appears on the record, without objection thereto being made, the court *sua sponte* will dismiss the appeal on questions of law and fact, not for the reason that the case is not a chancery case and therefore not appealable, but for the reason that the appeal on questions of law and fact never became effective by reason of the failure of the appellant to file bond at the time notice of appeal was filed pursuant to the provisions of Section 12223-6, General Code, and will overrule the motion of the appellant for an order fixing the time for the preparation and settlement of a bill of exceptions. *Mulby* v. *Charles F. Johnson, Inc.*, 22 Ohio Law Abs., 534; *Hall* v. *Hall,* 55 Ohio App., 67, 8 N. E. (2d), 582.

As the notice of appeal provided for an appeal on questions of law and an appeal on questions of law and fact, the appeal on questions of law stands as an original appeal notwithstanding the dismissal of the appeal on questions of law and fact.

2. We will therefore proceed to the consideration of the third motion of the appellee for an order striking the bill of exceptions from the files for the reason that the same was not filed in the Court of Common Pleas within forty days after the overruling of the motion for new trial, as is required by Section 11564, General Code.

In *Brainard Investment Co., Ltd.,* v. *F. H. L. Corporation,* 55 Ohio App., 127, 9 N. E. (2d), 178, it is stated:

"Prior to the amendment to Section 11564, General

Code, made as a part of the recent act 'To establish a simplified method of appellate review,' 116 Ohio Laws, 104, the filing of a bill of exceptions within forty days of the overruling of a motion for a new trial was mandatory, but the performance of the ministerial duties of the clerk and trial judge after proper filing were directory as to time. *Pace* v. *Volk,* 85 Ohio St., 413, 98 N. E., 111; *Porter* v. *Rohrer,* 95 Ohio St., 90, 115 N. E., 616.

"Section 11564, General Code, applied only to trial courts. *Boone* v. *State,* 109 Ohio St., 1, 141 N. E., 841. * * *

"Section 11564, General Code, as to appeals to this court was changed in but two respects by the Appellate Procedure Act, viz., one which in effect changes the name from bill of exceptions to bill of objections to conform to the new practice of omitting exceptions. * * * The other change was the proviso added to make it possible for an appellant on questions of law and fact to perfect his bill when it is determined he is not entitled to retry his case on facts, but can only have a review on the law as provided in Section 12223-22, General Code. How and when this may be done is very definitely stated in the proviso.

"The mandatory language of the old law is retained with reference to filing 'not later than forty (40) days after the overruling of the motion for a new trial.' "

When an appeal is taken on questions of law in a proper case and a bill of exceptions necessary to show the errors complained of has not been filed within the time provided by Sections 13445-1 or 11564, General Code, depending on whether the case is criminal or civil as to which section is applicable, the Court of Appeals has no authority to fix the time for the preparation and settlement of a bill of exceptions, but may review the case upon the record without such bill,

under Section 12223-4, General Code. *In re Estate of Arrasmith,* 54 Ohio App., 391, 7 N. E. (2d), 826.

Section 11564, General Code, which requires that the bill of exceptions be filed in the trial court within forty days' after the overruling of a motion for new trial, applies exclusively to the trial court, is mandatory, and vests no discretion in the reviewing court. A motion to strike the bill of ·exceptions from the files will be granted where the bill was not filed in the trial court within the time required by statute, notwithstanding the appeal has been properly perfected and is regularly pending in the reviewing court. *Kennedy* v. *Mancini,* 22 Ohio Law Abs., 607.

The recent enactment of Section 11564, General Code, as amended, has not relieved the appellant from the duty of filing his bill of exceptions in the trial court within the time required by law.

The failure of an appellant to file his bill of exceptions in the trial court within the statutory period incapacitates the reviewing court to consider the contents thereof, and thereby deprives the appellant of the opportunity to show the errors demonstrable only by use of the bill of exceptions, notwithstanding that the notice of appeal was filed within the prescribed time, thereby vesting the court with jurisdiction. *Carpenter* v. *M. O'Neil Co.,* 22 Ohio Law Abs., 657.

Under the authorities mentioned, the provisions of Section 11564 with reference to the filing of bill of exceptions in the trial court within forty days after the overruling of the motion for new trial, are mandatory, and the motion of the appellee to strike such bill of exceptions from the files will therefore be sustained.

3. We will therefore proceed to the consideration of those parts of appellee's third motion which were made dependent upon the granting of the motion to strike the bill of exceptions from the files.

The errors assigned by plaintiff are all of such char-

acter that they are demonstrable only by use of a bill of exceptions, and the bill of exceptions, for the reasons mentioned, having been stricken from the files, there is no error affirmatively appearing of record, and the motion of the appellee for the affirmance of the judgment of the Common Pleas Court will be sustained.

For the reasons mentioned the judgment of the Common Pleas Court will be affirmed.

*Judgment affirmed.*

CROW and KLINGER, JJ., concur.