McKENZIE v NEVILLE, et

Ohio Appeals, 5th Dist, Delaware Co.

No. 283.   Decided Dec. 4, 1939.

E. M. Wickham, Delaware, for plaintiff-appellee.

Hill & Neville, Delaware, for defendants-appellants.

## OPINION

By MONTGOMERY, J.

Notice of appeal on questions of law and fact was duly filed, from a decree of the Common Pleas Court, in an action equitable in character. The trial court had fixed the bond for appeal at $200. Appellants did not file a bond, but coincident with the filing of the notice of appeal, they deposited the sum of $200 in money with the clerk of the court.

There is now presented to us a motion to dismiss the appeal for the reason that no appeal bond was given.

**Sec. 12223-6, GC,** is in the following language:

"Except as provided in §12223-12, no appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided, and unless the said bond be filed at the time the notice of appeal is required to be filed."

It is true that §12223-4 provides that "the appeal shall be deemed perfected when written notice of appeal shall be filed," etc., and further that "no steps required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional".

However, the giving of the bond required under the provisions of §12223-6, above quoted, is not a step to be taken subsequent, but is to "be filed at the time the notice of appeal is required to be filed." As held in the case of **Stevely v Stoll, 57 Oh Ap 401, 11 OO 106,** the two sections "are in **pari materia** and must be read together."

The question is simply whether or not this deposit of money constitutes a compliance with §12223-6, thereby perfecting an appeal.

**Sec. 12223-9** provides for a stay of execution upon the giving of a supersedeas bond, conditioned as provided by §12223-14. Counsel for appellee contends that this applies to judgments for money. The last mentioned section is not so limited. It provides that the bond shall obligate the appellant to abide by the judgment of the Appellate Court and perform the conditions which the court may direct. It may be observed in passing that §12223-12 exempts certain parties acting in a trust capacity, who have given bond, from executing the supersedeas bond required by §12223-9. But §12223-6, heretofore quoted, also exempts such trustess and officials from the necessity of giving an appeal bond. This would indicate the intention to treat alike the bonds provided for by the two subdivisions 6 and 9.

The section providing for a cash substitute for a bond is **12223-11**, and is in the following language:

"Instead of the bond hereinbefore prescribed when a conveyance is directed, the conveyance or other instrument may be executed and deposited with the clerk of the court in which the judgment was rendered, or order made, to abide the judgment of the reviewing court. In any case the appellant may in lieu of the supersedeas bond deposit an amount of money equal to that specified for the bond with the clerk of the court to abide the result of the appeal and the conditions specified by the court."

By what process of reasoning can it be urged that the substitute is available only in lieu of the bond provided for in sub-section 9? The quoted section does not so read. It says: "Instead of the bond hereinbefore prescribed," * * * "in any case the appellant may," etc. §12223-6 providing for the appeal bond uses the term "superseded by a bond." Moreover, this §12223-11 clearly deals in part with equitable matters.

It seems to us that whenever a bond is required under sub-section 6, or sub-section 9, a money substitute in the amount thereof may be made as was done in the instant case.

Loosely worded and clearly misleading as are many parts of the Appellate Procedure Act, the fact remains that the intent of it was to make appeals easy of perfection, and liberality in construction of it was expected by its framers and has been sought by the courts. Here the appellee suffers nothing. Cash in hand affords even more certain protection than a bond. Compliance with the orders of the appellate courts is made sure.

The motion to dismiss the appeal will be overruled.

SHERICK, PJ. & LEMERT, J., concur.