By the Court.
 

 The judges of the Court of Appeals of Franklin county, finding their judgment herein in conflict with the judgment of another Court of Appeals in the case of
 
 Hall
 
 v.
 
 Hall,
 
 55 Ohio App., 67, 8 N. E. (2d), 582, certified its record to this court for review and final determination.
 

 It is urged that the Court of Appeals committed error in five respects, viz.:
 

 1. In overruling the motion of appellants to dismiss the appeal on questions of law and fact taken by the United States of America from the judgment of the Court of Common Pleas to the Court of Appeals;
 

 2. In retaining the appeal taken by the United States of Americans an appeal on questions of law;
 

 3. In overruling the motion of the appellants to strike the bill of exceptions from the files for the reason that the United States' of America failed to pre
 
 *342
 
 pare, and settle the bill of exceptions within the time fixed by the Court of Appeals and within the time limited by law;
 

 4. In refusing to affirm the judgment of the Court of Common Pleas on the ground that the United States of America failed to file a motion for a new trial in the Court of Common Pleas;
 

 5. In reversing the judgment of the Court of Common Pleas.
 

 The first two assignments of error have been determined favorably to the United States of America by the decision of this court in the case of
 
 Loos
 
 v.
 
 Wheeling & Lake Erie Ry. Co.,
 
 ante, 321.
 

 As to the third assignment of error, it appears that in an entry filed on July 28,1937, the United States of America was granted thirty days for the preparation and settlement of a bill of exceptions. A purported bill was filed with the clerk of the Court of Appeals on August 6, 1937. However, the trial judge being absent, it was not settled and signed by him until some time later, and was again filed in the Court of Appeals on September 17, 1937. Under the decisions in
 
 Cincinnati Traction Co. v. Ruthman,
 
 85 Ohio St., 62, 96 N. E., 1019,
 
 Pace
 
 v.
 
 Volk,
 
 85 Ohio St., 413, 98 N. E., 111, and
 
 Porter
 
 v.
 
 Rohrer,
 
 95 Ohio St., 90, 115 N. E., 616, the Court of Appeals held the bill of exceptions to have been filed in time and we can find no sufficient reason to disturb such determination.
 

 As to the fourth assignment of error, it appears from an examination of the record that the matter before the trial court pertained to the allowance of attorneys’ fees. Representations of counsel equivalent to an agreed statement of facts, was the material upon which an allowance of fees was made. The question therefore resolved itself into one 'of whether the trial court properly applied the law to the facts, and in such a situation no motion for a new trial was
 
 *343
 
 necessary.
 
 In Matter of Estate of Hinton,
 
 64 Ohio St., 485, 60 N. E., 621;
 
 State
 
 v.
 
 Wirick,
 
 81 Ohio St., 343, 346, 90 N. E., 937.
 

 Such conclusion was reached by the Court of Appeals and we find ourselves in agreement.
 

 Discussion of the fifth assignment of error requires a short statement of facts.
 

 In 1911 the Northern Insurance Company of Moscow, Russia, was licensed to do business in Ohio, and made a deposit of $100,000 for the security of its policy holders, as provided by law. In 1918 when the Soviet government came into power in Russia, it confiscated all the property of such insurance company and dissolved its liabilities. In 1931 the Attorney General of Ohio filed a petition against the company to liquidate the deposit, which with accrued interest amounted to over $123,000. Several intervenors filed pleadings, claiming the deposit, viz.: The Northern Insurance Company of Moscow, the Bank of Manhattan Trust Company, as assignee, and the Superintendent of Insurance of the State of New York, as liquidator of the insurance company.
 

 On January 10, 1935, B. W. Gearhart, ‘an attorney at law of Columbus, Ohio, filed an instrument denoted as an intervening petition, in which he asked for an allowance of fees out of the deposit, for legal services rendered in behalf of the Northern Insurance Company of Moscow and the Bank of Manhattan Trust Company, as assignee, according to agreement.
 

 Following the death of Mr. Gearhart, an application was made on March 30, 1936, by several attorneys at law, who had been associated with him and had succeeded him in such employment, asking for an allowance of fees for legal services rendered by such attorneys.
 

 A hearing on such application for fees was held in the Court of Common Pleas of Franklin county,, and
 
 *344
 
 on September 26, 1936, the court allowed fees and expenses in the sum of $20,960.56, to be paid out of the deposit described.
 

 On April 18, 1936, the United States of America, upon leave first obtained, filed an intervening petition, laying claim to the deposit on the ground that on November 16, 1933, by executive agreement contained in an exchange of diplomatic correspondence, the Russian government had assigned to the United States all amounts admitted to be due' or that may be found to be due it, and that such deposit was covered by the assignment.
 

 It was from the judgment allowing, fees that the United States of America appealed. On the merits, the Court of Appeals held “that an allowance of attorneys’ fees to be paid out of a fund, the ownership of which has not been finally determined by the court, is premature; that it must first be determined to whom the fund belongs, especially at the time of the employment of counsel, and since that date. If it legally belonged to the Soviet government or by virtue of assignment is now the property of the United States government, then manifestly the services performed by counsel were not performed for the owner of the fund but for a litigant claiming the fund.
 

 “It is asserted that the fund was conserved and freed from the liens and claims, if any, of policy holders. In reality the fund was not conserved through the action of counsel but all they were endeavoring to do was to have the fund awarded to their client. *
 
 * *
 

 “We are of the opinion that the order of the court below allowing attorneys’ fees payable out of the fund were [was] erroneous for the reasons herein stated, and the same is reversed.”
 

 A majority of this court is of the view that the
 
 *345
 
 judgment of the Court of Appeals was not erroneous and should he affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Myers and Gorman, JJ., concur.
 

 Day, J., dissents.