KOCHER ET AL., D. B. A. NATIONAL HOUSEWRECKING CO., APPELLEES, *v.* RICKETTS ET AL., APPELLANTS.

(No. 424—Decided January 6, 1942.)

*Messrs. Olinger & Olinger,* for appellees.
*Mr. Frank L. Nevius,* for appellants.

HORNBECK, J. This appeal is submitted on a motion of the appellees to strike the bill of exceptions from the files for the reason that this court, on September 13, 1941, directed the appellants to file and have settled in the trial court a bill of exceptions, which bill of exceptions was not filed and settled until October 20, 1941.

Certain procedural matters and the chronological steps with respect thereto will be set forth, so that we may have an appreciation of the question presented by the motion, which question is novel, and, insofar as we can learn, has not heretofore been passed upon by any court in this state.

This court, on motion of appellees, had found that because the appellants had not given an appeal bond, their appeal, which was noted as on questions of law and fact, could not be heard upon the facts and, because no bill of exceptions had been filed, the court fixed the time within which appellants could have a bill of exceptions prepared and settled at thirty days from the time of the entry journalizing the decision. This entry was filed of date September 13, 1941.

Thereafter, the bill of exceptions was prepared and filed with the clerk of the Common Pleas Court on October 6, 1941, and on the same date counsel for two of the defendants originally named in the action consented to the immediate transmission of the bill to the trial judge. Notice of the filing of the bill was issued to counsel for appellees on October 6, and by them held until October 15, 1941, at which time certain exceptions to the bill were filed. The bill, with exceptions, was transmitted to the judge on October 16, 1941, received by him on October 18, and corrected and allowed on that date. It will be noted that more than thirty days elapsed between the entry fixing the time within which appellant could have the bill of exceptions prepared and settled, and the time of the correction, allowance and signing of the bill by the trial judge, although the bill was filed with the clerk of court well within the thirty days, namely, October 6, 1941.

It further appears that there was no dereliction on the part of the clerk, counsel for appellees or the trial judge. All performed their respective functions within the times provided by Sections 11565 and 11566, General Code. Section 11565, General Code, accorded to counsel for appellees ten days after notice of the filing of the bill within which any suggested correction or amendment thereto could be made. This full time was taken and immediately upon transmission of the

bill to the clerk it was certified to the trial judge, who signed it two days after its transmission and on the date that he received it.

Thus is presented a factual situation where counsel, the clerk and the trial judge acted promptly, but, notwithstanding, the bill was not technically prepared and settled within the longest time which this court could allow for such action. Nor could it have been so settled within that time.

The case nearest in point is *Bettman, Atty. Genl.,* v. *Northern Ins. Co. of Moscow,* 134 Ohio St., 341, 16 N. E. (2d), 472, wherein this court had made determination that an appeal noted as upon questions of law and fact could not be tried upon the fact and, therefore, retained it as an appeal on questions of law and fixed thirty days within which appellant should prepare and settle a bill of exceptions. The entry journalizing this order was filed on July 28, 1937. A purported bill of exceptions was filed with the clerk of the Court of Common Pleas on August 6, 1937, but the bill was not settled and signed until on or about the 17th day of September, 1937. The delay, however, was caused by the absence of the trial judge.

We held, and our action was affirmed by the Supreme Court, that the bill should be considered. It will be noted, however, that had the trial judge acted by signing and allowing the bill within the time fixed by Section 11564, General Code, it would have been settled within the thirty days fixed for the preparation and settlement of the bill. In no view of the statute would a court penalize a party by the failure of the ministerial officer or the trial judge to act within the period fixed by Section 11564, General Code. So that, this case clearly came within the letter and the spirit of *Cincinnati Traction Co.* v. *Ruthman,* 85 Ohio St., 62, 96 N. E., 1019; *Pace* v. *Volk,* 85 Ohio St., 413, 98 N. E., 111;

and *Porter* v. *Rohrer,* 95 Ohio St., 90, 115 N. E., 616. All of the last three cited cases arose under the old error statute now carried into Section 11564, General Code, with application to original appeals on questions of law only, which requires that the bill of exceptions be filed within forty days after the overruling of the motion for new trial. All of these cases hold that the only mandatory obligation upon the appellant is to observe the provisions of the statute as to the filing of the bill of exceptions with the clerk of the courts from which the appeal is taken within the time limited by the statute.

Obviously, our question is broader and is whether the provision that the appellant may be allowed not more than thirty days for preparation and *settlement* of a bill of exceptions includes thereby the statutory time within which the clerk, the opposing counsel and the trial judge may act before the bill is actually allowed, which ordinarily is accomplished by the signature of the trial judge, but may be established otherwise, as in *Cincinnati Traction Co.* v. *Ruthman, supra.*

The framers of the Appellate Procedure Act, effective January 1, 1936, knew the meaning and legal interpretation of the terms which are employed in that act. Section 11564, General Code, now makes provision for presenting a bill of exceptions in three instances, as follows:

When the appeal to the Court of Appeals is stated in the notice to be on questions of law:

(1) "The party excepting must reduce his objections to writing, *and file them in the cause,* not later than forty (40) days after the overruling of the motion for a new trial, or the decision of the court, when the motion for a new trial is not filed.

(2) "* * * whenever an appeal is taken on questions of law and fact and the Court of Appeals deter-

mines that the case can not be heard upon the facts and no bill of exceptions has been filed in the cause, * * * the Court of Appeals shall fix the time, not to exceed 30 days, *for the preparation and settlement* of a bill of exceptions.'' (Italics ours.)

(3) There also is a third provision that, when there is a motion in the Supreme Court for an order to certify the record of the Court of Appeals or when error proceedings as of right are instituted and a motion is filed to dismiss the error proceedings, ''the bill of exceptions shall be *filed* in the Court of Appeals, not later than 20 days from allowing such motion to certify, or overruling the motion to dismiss the error proceedings as of right.'' (Italics ours.)

The definition of the word ''settlement,'' as relates to bill of exceptions, is carried into 39 Words and Phrases (Perm. Ed.), 38, from several citations of authorities. It is said that the settlement of ''a bill of exceptions means an agreement upon the bill between the trial judge and appellant.'' (See *Tapia* v. *Williams,* 172 Ala., 18, 54 So., 613.) '' 'Settle,' as used in reference to settling a bill of exceptions, means to approve * * * .'' (See *Denver & R. G. Rd. Co.* v. *U. S.,* 9 N. M., 309, 51 P., 679.) In 4 Corpus Juris Secundum, 1319, Section 840, it is said that a '' 'settlement' of a bill of exceptions is an agreement on the bill between the trial judge and appellant; it is a judicial act.''

It is obvious that, if we construe the word ''settlement'' as found in Section 11564, General Code, according to its strict legal interpretation, it would require an appellant, in many instances, to do that which is practically impossible, namely, to have the full transcript of the testimony transcribed and completed within ten days after the order fixing the time within which the bill shall be prepared and settled. We hesi-

tate to so interpret the statute. If we so interpret it, it would, where counsel for appellee after notice was prompt in returning the bill to the clerk, or, if the trial judge was prompt in signing and allowing the bill, have the effect of extending more time to an appellant for the preparation of his bill than would be accorded to appellant where counsel for the appellee or the trial judge took the full time under the statute.

It is probable that it was the purpose of the act to require an appellant who had failed to perfect his appeal on questions of law and fact, after it was determined that the appeal could not be tried upon the facts, to have the bill of exceptions prepared in a shorter time than would have been accorded to him had he noted originally that his appeal was on questions of law. If appellant is given the time fixed by the court, within which to have his bill of exceptions prepared and settled, to file it with the clerk of courts, this, in all probability, will meet the general intendment of the statute. We hold that "settlement" of the bill is used in Section 11564, General Code, synonymously with "file" it with the clerk of the Court of Appeals, although, we concede that in doing so, we have given to the term "settlement" the utmost flexibility of which the word is susceptible.

The motion to dismiss will be overruled.

We will consider the appeal on its merits upon the stipulation of the parties.

*Motion overruled.*

GEIGER, P. J., and BARNES, J., concur.