## FARRELL v TRAVELERS INSURANCE COMPANY

Ohio Appeals, 1st Dist, Hamilton Co

No 5457. Decided June 5, 1939

Albert D. Alcorn, Cincinnati, and F. H. Woesman, Cincinnati, for appellant.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, and Henry B. Street, Cincinnati, for appellee.

### OPINION

By ROSS, J.

This is an appeal on questions of law from the Court of Common Pleas of Hamilton County.

The plaintiff alleged in her petition that she was the beneficiary in a group insurance policy upon the life of her husband, who was an employe of The Davis Welding and Manufacturing Company; that her husband died while such policy was in full force and effect, and her husband was the holder of a personal certificate issued by the company showing that the plaintiff's deceased husband was the possessor of a policy of insurance in the defendant company; that upon the death of her husband, plaintiff notified the defendant insurance company, which company refused to pay the amount of the policy.

The answer of the Insurance Company admitted the existence of the master policy and personal certificate, issuing a policy of insurance to the deceased husband of the plaintiff; that such employee of The Davis Welding and Manufacturing Company—deceased husband of the plaintiff—died June 8th, 1935. The defendant Insurance Company alleged that such policy of insurance, however, was "discontinued and cancelled", at the express instance and verbal request of the deceased on October 25th, 1933.

A reply was filed denying the new matter alleged in the answer.

The plaintiff rested her case without any evidence that premiums had been paid on the policy up to the time of the death of deceased.

The defendant's motion for judgment was properly overruled by the court. The matter of non-payment of premiums after the first premium, at least, is a matter of substantive defense, which the Insurance Company must prove by the preponderance of the evidence. Cooley's Briefs on Insurance, 2nd Ed., vol. 4, page 3863, et seq.; 14 R. C. L., page 968, sec. 141; 95 A. L. R., annotation, page 745, et seq.; Hall v Scottish Rite, etc. Association, 6 O. C. C. 137; Preferred Masonic Mutual Accident Association v Harrington, 10 O. C. C. (N. S.) 134.

The defendant then introduced evidence that the deceased had directed a discontinuance of the policy and had ordered the employer to make no further deductions from his payroll. The payroll introduced in evidence showed no deductions after September 14th, 1933. The deceased died June 8th, 1935. No deductions were made from September 14th, 1933 until his death. This evidence remained uncontradicted by any evidence of any kind whatsoever.

The evidence further showed that the employer, contrary to the provisions of the policy, had given notice to its employees that the rate of deduction from wages would be higher than that permitted by its master contract with the Insurance Company, and that many employees, in company with the deceased, thereupon cancelled their certificate policies. The employer had no right to demand that the employee pay a greater proportion of the insurance cost than that provided in the contract between the employer and the Insurance Company, made for the benefit of the employee. However, the employee did not insist upon his rights and request the usual deduction to continue, but, on the contrary, notified the employer to discontinue the policy. What the plaintiff's rights would have been had the employee insisted upon the contract rate, we are not here and now called upon to decide and specifically refrain from so doing.

It is contended that since this order to discontinue and cancel the policy was verbal, that it was ineffective. Nothing in the policy requires such order from the employee to be in writing.

In every case, whether tried to a court or jury, each party is entitled to the benefit of all of the evidence in a case, whether introduced by such party or not, and where direct, probative, relevant, and competent evidence appears in a case sustaining the position of either party upon an issue, and this evidence is unrebutted by any evidence to the contrary, judgment must be rendered in favor of the party in whose behalf such evidence prevails. This is the case here. The evidence is undisputed, as far as the record is involved, that the deceased ordered the policy discontinued.

The trial court was, therefore, compelled to render judgment for the defendant. Judgment affirmed.

HAMILTON, PJ. and MATTHEWS, J., concur.