**TIBBALS, Plaintiff-Appellee, v. BRANDON et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4652.   Decided February 25, 1952.

George H. Chamblin, Columbus, for plaintiff-appellee.
L. P. Henderson, Columbus, for defendant-appellant, Cordelia Cooper.

**OPINION**

By THE COURT.
Submitted on motion of the plaintiff-appellee seeking an

order dismissing the appeal on law and fact for the reason that the appeal bond was not filed within the time required by §12223-6 GC. The record reveals that the order appealed from was entered on June 6, 1951; that a motion for new trial was filed on June 16, 1951, notice of appeal filed on June 25, 1951, and motion for a new trial was overruled on July 18, 1951. It will be noted that the notice of appeal was filed before the overruling of the motion for a new trial. This constituted a waiver or withdrawal of the motion for a new trial. **Bailey v. Neale, 37 Abs 603.** The time for the filing of the appeal bond will therefore start to run from the date of the judgment and not the overruling of the motion for a new trial, since a second notice of appeal was not filed. This would be twenty days from June 6, 1951, §12223-6 and -7 GC. Failure to file appeal bond within time is ground for a motion to dismiss the appeal. **In re Charles F. Johnson, Inc., 22 Abs 534.**

The motion will be sustained, but the appeal will be retained for determination on questions of law only in conformance with §12223-23 and 11564 GC. The appellant will be granted leave to perfect said appeal in accordance with Supplement to Rule VII of this Court.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

### TIBBALS, Plaintiff-Appellee, v. BRANDON et, Defendants-Appellants.

No. 4652.   Decided May 2, 1952.

Chamblin & Price, Columbus, for plaintiff-appellee.
L. P. Henderson, Columbus, for defendant-appellant, Cordelia Cooper.

## OPINION

By THE COURT.

This is a motion by the plaintiff-appellee seeking an order dismissing the appeal for the failure to comply with Rule VII of this Court. The appellant is urging that the bill of exceptions was not settled in the trial Court within the time fixed by the rule.

The record discloses that on March 11, 1952, an entry was journalized reducing the appeal to one on law only and granting appellant leave to perfect said appeal in accordance with the rule; that a bill of exceptions was filed in the trial court on April 5, 1952, being signed and allowed on April 21, and also filed in this Court on April 21.

It will be noted that the bill of exceptions was filed in the trial court within the thirty day period, which meets the requirements of §11564 GC. **Univis Lens Co. v. United Electrical, etc., Workers, 53 Abs 289.** This Court held in the cited case that the term "settle" is used synonymously with the word "file." When the bill of exceptions is filed in the trial court within the statutory period the appellant has fully met all requirements concerning the bill and failure of the trial court to approve the same within the time fixed by §11566 GC will not be fatal. The statutory obligations of the Clerk and Judge are merely directory. **Pace v. Volk, 85 Oh St 413; Porter v. Rohrer, 75 Oh St 90.** The motion will be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

———————

### ON MOTION TO DISMISS APPEAL

No. 4757. Decided June 9, 1952.

Chamblin & Price, Columbus, for plaintiff-appellant.

L. P. Henderson, Columbus, for defendant-appellant, Cordelia Cooper.

## OPINION

By THE COURT.

Submitted on motion of the plaintiff-appellee seeking an order dismissing the appeal for failure to comply with Rule VII.

The record reveals that an amended notice of appeal on

questions of law was filed on March 11, 1952; that assignment of errors and Bill of Exceptions were duly filed but that no brief has been filed up to the date of the filing of this motion on May 29, 1952. Since there has been a failure to comply with the Rule and no good cause being shown for the same, the motion will be sustained.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 4757.   Decided July 16, 1952.

### OPINION

By THE COURT.

Application for a rehearing is denied. We adhere to our former ruling that the appellant has failed to show sufficient cause for noncompliance with Rule VII.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## ON APPEAL TO DECREE A PARTITION

No. 4652.   Decided October 2, 1952.

.George H. Chamblin, Columbus, for plaintiff-appellee.
L. P. Henderson, Columbus, for defendants-appellants.

### OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court decreeing a partition of real estate.

We have examined the well-considered opinion of Judge Harter and are in full accord with the legal and factual conclusions therein announced. Therefore none of the errors of law assigned by the appellant is well taken. We are of the further opinion that the factual finding is not against the manifest weight of the evidence as claimed by the appellant.

We have examined the bill of exceptions and depositions offered wherein it was sought to engraft a trust upon the legal title of one Grace Morris. Judge Harter properly held that this may be accomplished only by clear and convincing proof and that the evidence fell short of meeting this requirement. Our conclusion is that the Court's factual finding is amply supported by the record and therefore it may not be said to be against the manifest weight of the evidence.

Finding no error in the record the judgment will be affirmed.

HORNBECK, PJ, WISEMAN AND MILLER, JJ, concur.