**NYE et, Plaintiff-Appellants, v. SCHULER, Defendant-Appellee.**

Ohio Appeals, Fourth District, Ross County.

No. 464. Decided December 29, 1959.

James M. Drennen, Waverly, William E. Knepper, Columbus, David Phillips, Chillicothe, for plaintiff-appellants.

Tom Reed, Waverly, for defendant-appellee.

## OPINION

By COLLIER, J.:

The first question requiring the attention of the court is the appellee's motion to strike the bill of exceptions from the files because the same was not filed in conformity with the law or the rules of this court. As shown by the transcript of docket and journal entries, the entry overruling the motion for a new trial was filed October 1, 1958. On October 3, 1958, the notice of appeal was filed. On November 10, 1958, the bill of exceptions was delivered to the Clerk of Courts. The Clerk failed to transmit the bill of exceptions to the trial court for allowance as prescribed by statute. As shown by journal entry of this court, dated May 5, 1959, it was ordered that the appellee's motion to dismiss the appeal be overruled and the Clerk was ordered to transmit the bill of exceptions to the trial court for allowance. The Clerk complied with this order and on May 22, 1959, the bill of exceptions was allowed by the trial court and filed in this court.

The proceedings to perfect an appeal are statutory. The provisions of §2321.05 R. C., with reference to the time of filing a bill of exceptions are mandatory; but the provisions of the following sections defining the duties of the Clerk and the trial judge with respect to a bill of exceptions are directory. **Pace v. Volk, 85 Oh St 413, 98 N. E. 111; Tibbals v. Brandon, 66 Abs 34.** It is admitted in the instant case that the bill of exceptions was filed with the Clerk within the time specified by the Statute. The subsequent actions of the Clerk and the trial judge, as pronounced in Pace v. Volk, supra, were in a ministerial capacity and their failure to perform their statutory duty regarding the bill of exceptions did not render it ineffective. The motion to strike the bill of exceptions from the files is overruled.

This is an appeal on questions of law from a judgment rendered in

the Common Pleas Court of Ross County on a verdict of the jury in favor of the defendant. The parties will be referred to herein as the plaintiffs and defendant in the same position as in the Common Pleas Court. The plaintiffs, in their petition, were seeking to recover damages from defendant resulting from defendant's failure to pay to the plaintiffs the rents specified in a lease of certain property known as the BEACHCOMBER, located at Lake White, Pike County, Ohio. Defendant's answer consisted of four defenses. Defendant also filed a cross-petition which was withdrawn at the close of all the evidence. The case was submitted to the jury on the one issue presented by the third defense of defendant's answer, as to whether or not the defendant was justified in vacating the property and discontinuing the payment of rent for the reason that the plaintiffs had failed to install a heater in the premises on or before September 1, 1955, as provided in the lease, thereby rendering the building untenable.

The assignments of error raise the questions of the sufficiency of the evidence to sustain the verdict and whether the trial court erred in its general charge to the jury.

The lease was executed May 19, 1955, for a term of two years at a rental of $2,400.00 per year. On October 15, 1955, defendant gave notice to the plaintiffs he was vacating the premises. The evidence adduced by the defendant is to the effect that, because of lack of a heater in the building in the month of September, there was a decline of business; that defendant attempted to contact the plaintiffs on several occasions to have a heater installed and that plaintiffs failed to perform this condition of the lease, making it necessary for defendant to vacate the premise. Plaintiffs attempted to show that they were ready and willing to install a heater, that the weather during that season at Lake White did not require heating facilities, and that defendant was merely using this covenant of the lease as an improper excuse to avoid his obligations under the contract of lease.

We have carefully examined the entire record, but we do not consider it necessary to give a detailed statement of all the evidence. Suffice it to say that the evidence is conflicting. As we view the record, a rather weak defense was established for the defendant, but we cannot say, as a matter of law, there were no issuable facts to be determined by the jury.

It is a general rule that where a verdict is based upon conflicting inferences, reasonably deducible from the evidence, a reviewing court cannot set aside such a verdict. It is only when the record clearly shows a serious mistake or misapprehension so violent as to shock the senses that a judgment will be reversed as being against the manifest weight of the evidence. The assignments of error relating to the sufficiency of the evidence are overruled.

The defendant bases his right to vacate the premises on the theory of a constructive eviction; that he was forced to vacate the premises because the plaintiffs did not install a heater. The trial court, in its general charge, defined a constructive eviction as follows:

"A constructive eviction is such a failure or interference on the part of the landlord with the intended enjoyment of the leased premises

as to be of a substantial nature and so injurious to the tenant as to deprive him of the beneficial enjoyment of the leased premises."

This language was followed by the Court properly defining the burden of proof of such defense.

Plaintiffs claim the court should have given further instructions as to what constitutes a constructive eviction. Of course, an examination of the many text books and reported cases on this subject will disclose more elaborate definitions of the term, but, in our opinion, the definition given by the court is proper, clear and consise, and, in the absence of a request for a more complete definition, the one given is amply sufficient. No request was made for further instructions, although counsel was given the opportunity to do so.

We find no error prejudicial to the rights of the plaintiffs, and therefore, the judgment of the Common Pleas Court is affirmed.

Judgment affirmed.

GILLEN, PJ, RADCLIFF, J, concur.