KEENER, APPELLEE, *v.* EWERT, APPELLANT.

[Cite as Keener v. Ewert (1979), 67 Ohio App. 2d 17.]

(No. L-79-101—Decided October 26, 1979.)

*Mr. Alan R. Kirshner,* for appellee.
*Mr. Vesper C. Williams, II,* for appellant.

WILEY, J. Defendant-appellant, Christian G. Ewert, the landlord, appeals from a final judgment of the Toledo Municipal Court in the sum of $245 and costs in favor of his tenant, plaintiff-appellee, Brenda J. Keener.

Plaintiff commenced this action to recover her first month's rent of $145 and to recover her security deposit of $100. Plaintiff made these payments to the defendant on February 15, 1978, upon execution of a lease between the parties.

Defendant (the landlord) gave plaintiff (the tenant) a key to the apartment upon execution of the lease.

Defendant has not filed a transcript of the proceedings, and he has not filed a substitute, containing the evidence produced at the trial. The Municipal Court judge, upon request of defendant, pursuant to Civ. R. 52, made the following findings of fact and conclusions of law:

"Findings of Fact
"* * *

"(4) On or about February 16, 1978, Plaintiff came to the premises***to paint the bedroom and kitchen. Upon arriving she found no hot water and the bathtub was not draining.

"(5) Further, the Plaintiff observed a strong odor from the basement and found said basement to be flooded with water and debris.

"(6) Plaintiff informed Defendant that she could not move into the apartment in its present condition.

"(7) When Plaintiff returned to the premises within the next few days she discovered she could not gain entry to the apartment with the key she had.

"(8) An ad appeared in the Toledo Blade on February 22, 1978, and February 26, 1978, advertising the premises in question [for rent].

"Conclusions of Law
"***

"(2) The Court further finds that it is the duty of the landlord to maintain the plumbing and sanitary conditions of the premises.

"(3) The Court finds that the premises in question were not in a habitable condition on or about February 15, 1978, and that as a result the Plaintiff is not bound by the lease.

"(4) The Court, therefore, finds in favor of the Plaintiff in the sum of $245.00 and costs."

In the absence of a transcript of the proceedings or a substitute for the same as provided by App. R. 9, the factual findings made by the Municipal Court must be deemed supported by the evidence adduced.

The defendant's sole assignment of error is as follows:

"The trial court erred in its application of the Landlord-Tenant Laws, O.R.C. 5321."

Findings of Fact Nos. 7 and 8, taken together, which must be considered as true in the absence of a transcript of the proceedings, reveal that defendant changed the locks after plaintiff's complaint of the uninhabitable conditions and that defendant re-rented or attempted to re-rent the apartment through a newspaper advertising.

R. C. 5321.04 provides, in part, as follows:

"(A) A landlord who is a party to a rental agreement shall:

"(1) Comply with the requirements of all applicable

building, housing, health, and safety codes which materially affect health and safety;

"(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;

"* * *

"(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him[.]"

R. C. 5321.07 provides, in part, as follows:

"(A) If a landlord fails to fulfill any obligation imposed upon him by section 5321.04 of the Revised Code or by the rental agreement, or the conditions of the premises are such that the tenant reasonably believes that a landlord has failed to fulfill any such obligations * * * that could materially affect the health and safety of an occupant, the tenant may give notice in writing to the landlord, specifying the acts, omissions, or code violations which constitute noncompliance with such provisions. Such notice shall be sent to the person or place where rent is normally paid.

"(B) If a landlord receives the notice described in division (A) of this section and after receipt of such notice fails to remedy the condition within a reasonable time considering the severity of the condition and the time necessary to remedy such condition, or within thirty days, whichever is sooner, and if the tenant is current in rent payments due under the rental agreement, the tenant may do one of the following:

"* * *

"(3) Terminate the rental agreement."

The uninhabitable condition of the premises which plaintiff discovered upon initial entry of the premises to take possession of the apartment to ready it for occupancy, coupled with the actions of the defendant as landlord in locking out the plaintiff by a change of locks within a short time after plaintiff notified defendant of the uninhabitable conditions, constitute a constructive eviction of plaintiff by the defendant, creating a right in the plaintiff to terminate the lease pursuant to R. C. 5321.07. See 33A Ohio Jurisprudence 2d 119, 120, Landlord and Tenant, Sections 200 and 202.

For the foregoing reasons defendant's sole assignment of

error is not well taken and the judgment of the Toledo Municipal Court is affirmed.

*Judgment affirmed.*

BROWN and ADAMS, JJ., concur.

WILEY, J., retired, of the Sixth Appellate District, and ADAMS, J., retired, of the Court of Common Pleas of Wood County, were assigned to active duty under authority of Section 6(C), Article IV, Constitution.