OPINION OF THE COURT
Memorandum.
Judgment reversed, without costs, and complaint dismissed.
Plaintiff instituted this action for the return of a deposit in the sum of $1,000 placed on a contract to purchase a new car from defendant. Plaintiff initially tendered a $50 refundable deposit to defendant. One week later plaintiff tendered an additional deposit of $950. Approximately two weeks later plaintiff notified defendant that he intended to cancel the contract. The contract contained a liquidated damage clause which provided for damages in the sum of 20% of the purchase price against which the deposit was to be credited. Section 2-708 of the Uniform Commercial Code, as interpreted by the Court of Appeals in Neri v Retail Mar. Corp. (30 NY2d 393), indicates that retail dealers are now entitled to recover their loss of profit. The reference to an “inexhaustible supply” merely highlights *769 the difference between a dealer and a nondealer. Presumably, a dealer in boats, cars, etc., has a sufficient stock so that he loses a sale whenever forced to sell the same car twice as a result of the first buyer’s breach. In any event, unless the 20% liquidated damage clause was unreasonable, and no one so found, it can be relied upon to fix the measure of damages (see Uniform Commercial Code, § 2-718). Since this sum far exceeded the deposit, plaintiff is not entitled to restitution.
Di Paolo, J. (dissenting). While the seller’s damages under section 2-708 of the Uniform Commercial Code are his loss of profits less incidental expenses, unlike the situation in Neri v Retail Mar. Corp. (30 NY2d 393, 399-400), the seller failed to establish that he had “an inexhaustible supply of cars” and would necessarily have made two sales instead of one. For these reasons, I recommend affirmance rather than reversal.
Farley, P. J., and O’Gorman, J., concur in memorandum; Di Paola, J., dissents in separate memorandum.