LAKE ERIE BOAT SALES, INC., APPELLANT, *v.* JOHNSON ET AL., APPELLEES.

(No. 45893—Decided July 21, 1983.)

*Mr. Paul M. Friedman,* for appellant.
*Mr. William J. Shields,* for appellees.

PATTON, C.J. Appellant, Lake Erie Boat Sales, Inc., initiated an action in the Municipal Court of Cleveland, seeking damages alleged to be due and owing from James E. Johnson et al., the appellees herein, for breach of a purchase sales agreement. This action proceeded to trial before Judge George W. Trumbo, and judgment was rendered in favor of the appellees. Appellant has raised this timely appeal.

The facts, as adduced from the record below, establish that on July 11, 1981, appellees entered into a written sales contract with appellant for the purchase of a 1981 Mark Twain Boat with a 1981 Mercruiser Motor and various other additional equipment. The purchase price, under the terms of this agreement, was $15,233. Appellees provided a $200 down payment upon execution of this contract of sale.

Thereafter, on July 13, 1981, appellees, by telephone and written correspondence with the appellant, sought a repudiation of the purchase agreement explaining that the necessity for such a renunciation was due to appellee James Johnson's heart problems. Appellant refused to acknowledge appellees' renunciation of the July 11, 1981 sales agreement and demanded full performance under the terms of such contract.

At some point subsequent to appellees' July 13, 1981 renunciation of the purchase contract, the Mark Twain Boat, motor, and equipment were sold to a third party for the same purchase price as that agreed to by appellees. Appellant therefore sustained no purchase price loss from this subsequent resale, however, as a volume seller, claimed an entitlement to

lost profits derived from appellees' breach.

Upon trial of this matter before the lower court, appellant was found to have failed to present evidence establishing its position as a volume seller, thereby entitling appellant to lost profit damages as provided under R.C. 1302.82. It is upon that judgment and the foregoing facts and circumstances that appellant predicates this instant appeal, assigning the following errors for this court's review:

"I. The judgment of the trial court is contrary to the weight of the evidence.

"II. The judgment of the trial court is not supported by the evidence.

"III. The judgment of the trial court is contrary to law."

Essentially, appellant contends that the judgment of the trial court was against the manifest weight of the evidence. Appellant therefore seeks a reversal of this judgment, and requests this court to enter judgment in favor of appellant for damages in the amount of the lost profits alleged to have been caused by appellees' repudiation of the July 11, 1981 purchase agreement.

The concept of lost profits, as it applies to volume sellers, has been statutorily codified in Ohio, pursuant to R.C. 1302.82(B) (UCC 2-708). This section provides in pertinent part the following:

"If the measure of damages provided in division (A) of this section is inadequate to put the seller in as good a position as performance would have done then the measure of damages is the profit, including reasonable overhead, which the seller would have made from full performance by the buyer, together with any incidental damages provided in section 1302.84 of the Revised Code, due allowance for costs reasonably incurred, and due credit for payments or proceeds of resale."

R.C. 1302.82(B) may be invoked when neither R.C. 1302.80 nor 1302.82(A) would produce damages, and applies principally in two situations: (1) when a volume seller has unlimited access to goods and easily available substitute buyers; and (2) when a manufacturer produces goods to order for a breaching buyer, and substitute buyers are unlikely to be found. See Comments to R.C. 1302.82.

Under R.C. 1302.82(A), the measure of damages is the difference between the unpaid contract price and the market price. In applying that section to the case sub judice, because the boat and equipment were sold to a third party for the same amount as that contracted for by appellees, no damages would therefore be recoverable under the provisions of R.C. 1302.82(A). However, had appellees performed, theoretically, the appellant as a volume seller would have been entitled to the proceeds of two sales: one with the appellee James Johnson, and the other with the third party "resale purchaser." It is in such instances that the damage provisions of R.C. 1302.82(B) become applicable. See, generally, *Modern Marine, Inc.* v. *Balski* (May 21, 1981), Cuyahoga App. No. 43411, unreported; *TCP Industries, Inc.* v. *Uniroyal, Inc.* (C.A. 6, 1981), 661 F. 2d 542; *Teradyne, Inc.* v. *Teledyne Industries, Inc.* (C.A. 1, 1982), 676 F. 2d 865; *Neri* v. *Retail Marine Corp.* (1972), 30 N.Y. 2d 393, 285 N.E. 2d 311; *Kaiserman* v. *Martin J. Ain, LTD.* (1981), 112 Misc. 2d 768, 450 N.Y.Supp. 2d 135.

As the record sub judice clearly establishes the existence of a contract of sale between appellant and appellees, and an ensuing breach thereof, the controlling issue regarding appellant's assertion of an entitlement to lost profits is whether the appellant sufficiently established its status as a volume seller.

In an action very similar to the case at bar, this reviewing court held the following evidence to be sufficient in establishing the status of a volume seller:

"The record, however, shows that plaintiff has been in business for twenty years as 'a company engaged in the retail sale of boats, motors, outboard motors,

trailers, and all the appurtenances which may be affixed to boats or used on boats.' Plaintiff sold approximately 300 boats in 1978 and 1979 with sales totaling $1,700,000 in 1978 and about $2 million in 1979. Plaintiff's president testified that plaintiff is a franchised dealer of Bayliner Marine Corporation products and Bayliner has never refused to deliver any of plaintiff's orders. Plaintiff's president also testified that the contract was made at the Cedar Point boat show and from that show a total of three boats '[o]f that particular model' were sold and plaintiff sold a total of eight such boats in 1979. This uncontroverted evidence is sufficient to establish plaintiff as a volume dealer." *Modern Marine, Inc.* v. *Balski, supra,* at 4-5.

Unlike the evidence presented the trial court in *Modern Marine, Inc.* v. *Balski,* however, in the instant action the lower court had only the testimony of Mr. A. Leslie, a salesman of appellant company, to consider. Though Leslie testified that *to his knowledge* appellant had an unlimited supply of the same type of boat and equipment as purchased by appellees, there exists no other evidence in the record to substantiate Leslie's testimony. Further, Johnson's testimony directly conflicts with that provided by Leslie, appellee stating that he had been informed by Leslie that the boat under dispute was the only one available.

The law in Ohio has long established that a reviewing court will not set aside a verdict based upon conflicting inferences reasonably deducible from the evidence. It is only where the record clearly shows a serious mistake or misapprehension so violent as to shock the senses that a judgment will be reversed as being against the manifest weight of the evidence. *Nye* v. *Schuler* (1959), 110 Ohio App. 443 [13 O.O.2d 208]. See, also, *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]; *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366]. As the appellant failed to affirmatively establish the availability of other such boats from its supplier or inventory stock, other than by the testimony of Leslie, who merely testified that to his knowledge other such boats were available to appellant, the question before the trial court became one of witness credibility. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact, in this instance, the trial court. We therefore must conclude, as did the trial court, that appellant failed to adequately establish its status as a volume seller. In so holding, we find that appellant was not entitled to the lost profit provisions of R.C. 1302.82(B), and we accordingly affirm the judgment of the trial court.

*Judgment affirmed.*

ANN McMANAMON, J., concurs.

DAY, J., concurs in judgment only.